In re A. BOLOGNESI & CO.

Petition of GILBERT et al.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 15.

1. BANKRUPTCY ☞446—PETITION TO REVISE—SCOPE.
    On petition to revise, the appellate court takes the facts as found below; its power being limited to correction in matters of law.

2. BANKRUPTCY ☞140(3)—CREDITORS—RIGHTS OF.
    Claimants, who deposited funds with a bankrupt, who was engaged in the banking business, for investment in a particular manner, are entitled to subject to their claims a deposit in the name of the bankrupt, where they could trace their funds into such deposit; it appearing the bankrupt, though he assumed toward claimants a fiduciary relation, did not carry out his undertaking.

3. BANKRUPTCY ☞140(3)—CREDITORS—RIGHTS OF.
    Claimants, who bought from the bankrupt, who was engaged in the banking business, drafts which they used to send funds abroad, cannot assert a claim against a deposit to. the account of the bankrupt, because the drafts were not paid; it appearing that claimants obtained the drafts which they bargained for, and no circumstances of active fraud or deception being shown.

4. BANKRUPTCY ☞140(3)—CLAIMS—SPECIFIC FUND.
    Where claimants asserted that by reason of the bankrupt's breach of fiduciary relation they were entitled to trace their funds into a deposit to the account of the bankrupt, it is necessary, in order to identify the money, to trace it into the specific fund.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. BANKRUPTCY ⟺140(3)—TRUST FUNDS—RIGHT OF BENEFICIARIES.

Where several claimed a fluctuating deposit to the account of the bankrupt, on the theory that their funds, which had been impressed with a trust because of his breach of fiduciary relations, were commingled therewith, the several claimants are equitably entitled to an allowable preference in the inverse order of the times of their respective payments into the fund.

6. BANKRUPTCY ⟺140(3)—FUNDS—TRUST FUND—RIGHT TO.

Where a number of claimants delivered moneys to the bankrupt for particular investment, and he failed to make the investment, thus violating the fiduciary relations, and deposited the funds to his own account, claimants are entitled to assert the trust against the deposit only to the extent of the smallest amount such deposit contained subsequent to the commingling.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of A. Bolognesi & Co., bankrupts. Petition of Francis Gilbert and others, trustees in bankruptcy, to revise an order of the District Court distributing a fund among special claimants. Order reversed, and matter remanded for further proceedings.

See, also, 223 Fed. 711, 139 C. C. A. 351.

Bolognesi was a banker doing business largely with Italians, who in divers ways wished to transmit funds to Italy. He made a general assignment on February 11, 1914, and subsequently became bankrupt. The moneys received by him from customers and depositors he placed in his own bank accounts with sundry chartered banks and trust companies. On the day of assignment he had on deposit in the Central Trust Company $11,469.67, composed of his own moneys, as well as those of his customers for deposit. Certain persons, who had deposited funds with Bolognesi for the specific purpose of purchasing drafts and money orders payable in Italy, succeeded in tracing their funds into Bolognesi's said account with the Central Trust Company, and demanded from the trustee in bankruptcy preferential payment in whole or in part out of the moneys so as aforesaid in said trust company and turned over to the trustee.

Thereupon the trustee brought this proceeding, wherein all parties making any claim against the Central Trust Company fund were required to appear and make proof before a special master. Numerous claimants appeared, who (so far as they were successful below) are divisible into two classes: (1) Those who handed their moneys to Bolognesi for a specific purpose, with which the bankrupt never complied; i. e., he never bought any drafts or money orders as directed; and (2) those who did the same thing, but who obtained, prior to failure, drafts or the like, which, however, when presented in Italy, were not paid.

The special master, having found these facts, held that as to both classes of claimants Bolognesi occupied a "quasi trust relationship," and ordered (the whole amount of claims proven being in excess of the Central Trust Company account) the whole of that fund to be distributed pro rata among all the claimants who had traced their moneys into said fund. Thereupon the trustee in bankruptcy took this petition.

Olcott, Bonynge, McManus & Ernst, of New York City (Irving L. Ernst, of New York City, of counsel), for petitioner.

Sporborg & Connolly, of Port Chester, N. Y., for claimant Scranton Trust Co.

Maurice W. Monheimer, of New York City, for claimant Rescigno.

Daly, Hoyt & Mason, of New York City (Ralph Atkins, of New York City, of counsel), for claimant Lagnese.

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Isidore E. Green, of New York City, for claimant Verrili.

Samuel Hoffman, of New York City, for claimant Gualtiere.

Daniel E. Delavan, of New York City, for claimant Lazzari.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] This being a petition to revise, we take the facts as found below. Our power is limited to correction in matters of law. Therefore we do not consider the suggestion that some at least of the sums claimed were received by Bolognesi during insolvency and under circumstances raising a trust ex maleficio. The master has found the evidence the other way, and we cannot say that such finding amounted to error of law upon the testimony.

[2] In so far as any claimant gave money to the bankrupt for investment in a specified manner, the bankrupt undoubtedly, by accepting the deposit, undertook to act in the interest of the depositor claimant, and thereby assumed toward him a fiduciary relation (Johnson v. Brooks, 93 N. Y. at page 342); and in so far as such claimants traced their funds into the Central Trust Company account they stand in the position recognized and enforced in Re Hallett, 13 Ch. D. 696, followed in National Bank v. Insurance Co., 104 U. S. at page 68, 26 L. Ed. 693. It follows, under the findings, that the Scranton Trust Company, Lagnese (to the admitted extent of $1,687.06), Gualtiere, Verrili, and Rescigno (to the extent of $550.70), were prima facie entitled to share in the fund, because Bolognesi had not fulfilled his duty as a fiduciary in respect of them.

[3] But those claimants who came to the bankrupt to buy drafts and the like, and got what they bargained for, cannot claim against the fund, for their bargains were completed; they got what they asked for, and, in the absence of any circumstances of active fraud or deception, the fact that the commercial paper issued to them remains unpaid does not change their status as general creditors. Strohmeyer v. Guaranty Trust Co., 172 App. Div. at page 20, 157 N. Y. Supp. 955. It was therefore error to allow Lazzari, Rescigno (in respect of his deposit of $288.31), and Lagnese (in respect of all his deposits exceeding $1,687.06) to participate in the fund at all.

[4-6] From the time when these claimants began placing with the bankrupt the deposits which are the subject of this litigation (approximately January 20, 1914) down to the date of assignment, the Central Trust Company fund fluctuated considerably, and down to the date of the last deposit with Bolognesi traceable into said fund was never higher than about $8,000, and fell as low as about $4,400, while the amounts traceable into the fund, and flowing from the claimants whom we have held entitled to share, greatly exceed $8,000. Yet the entire trust company account, which was swollen by more than $5,000 of deposits put in on the day of assignment, and consisting, so far as this record shows, of Bolognesi's own money, has been awarded to the claimants pro rata.

The record is extremely imperfect in matters of detail. It is impossible therefrom to adjust all the rights of the parties, and we can do no more than indicate the method that should be pursued.

The holding of the lower court is based on the theory that the entire trust company account is to be treated as were unallocated certificates of stock in Gorman v. Littlefield, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047, and Duel v. Hollins, 241 U. S. 523, 36 Sup. Ct. 615, 60 L. Ed. 1143. The cases have no application to the tracing of earmarked money or money's worth through a bank account. It is necessary, in order to identify money, to trace it into some specific fund or property. In re See, 209 Fed. at page 174, 126 C. C. A. 120; In re Brown, 193 Fed. 24, 113 C. C. A. 348; affirmed as Schuyler v. Littlefield, 232 U. S. 707, 34 Sup. Ct. 466, 58 L. Ed. 806. We have recently reviewed these cases in Re Matthews, 238 Fed. 785, 151 C. C. A. 635, and pointed out that a replenishing of a depleted trust account cannot (per se) be considered as restoring the trust; and it follows that when it appears that the moneys impressed with a trust have been "mingled with the [trustee's] general account, and a certain amount remains in the account at the end of the period, and the account has not been, in the interval, depleted below the trust amount or final amount, that final amount will be presumed to include the trust money." Southern Cotton Oil Co. v. Elliotte, 218 Fed. 571, 134 C. C. A. 299. But, where such commingled fund comes into the hands of a receiver, trustee in bankruptcy, or the like, what is responsible for the claims of the cestuis que trustent is the remainder so coming into the hands of the officer of the court, "not exceeding the smallest amount the fund contained subsequent to the commingling." Empire, etc., Co. v. Carroll County, 194 Fed. at page 605, 114 C. C. A. 447, and cases cited. See, also, our own decision in Re Berry, 147 Fed. at page 211, 77 C. C. A. 434.

The unusual feature of this case is that there are several claimant depositors who put in money at different times, which money has been traced into a fluctuating account. Among such claimants the rule (prima facie) is not a pro rata equality. As stated in Empire, etc., Co. v. Carroll County, supra, the separate "cestuis que trustent are equitably entitled to any allowable preference in the inverse order of the times of their respective payments into the fund." This is the rule of In re Hallett, supra, supplementing Clayton's Case, 1 Meri. 572.

The operation of these principles may be illustrated from this record, imperfect as it is. It would appear to be true that on the day when the Central Trust Company account was lowest (January 27th) there was $4,414.57 in it, and on or before that day moneys of these claimants went into the account to the extent of $4,457.85. This was the first day when the account was smaller than the trust moneys shown to have been placed there. If the transaction stopped there, the various claimants should be awarded the fund on the theory summarized in the quotation from the Empire Company's Case, supra.

But thereafter, at dates and in amounts as to which we cannot be certain, the claimants furnished to Bolognesi other moneys, which he put into the trust company account and never applied to the purposes of his fiduciary undertaking; and this continued until February 10th, when the last of the claimants' moneys went into the fund and the fund itself was $6,519.04, or $2,104.47 more than the low tide of January

27th. In the meantime the account on February 3d was no more than $5,082.61. But we cannot ascertain from this record exactly when the various claimants' moneys went into this fund after January 27th.

Therefore the account must be stated, and the various priorities awarded, beginning on the first day when the fund was less than the trust money, and then on the next day when the new deposits in the fund were insufficient to cover the new trust money, and so on.

The order under review is reversed, and the matter remanded for further proceedings not inconsistent with this opinion. The trustee will recover the costs of this petition against so much of the fund as is found to be awardable to the claimants recognized in this opinion.