### ORMSBY v. FINNEY et al.

(Circuit Court of Appeals, Sixth Circuit. May 2, 1922.)

No. 3606.

1. Wills ⬯687(1)—Trustee cannot substitute his will for that of donor.

The trustee of a testamentary fund, the corpus of which is to be distributed on the death of a life beneficiary, cannot dispose of the fund by his own will on his death, though it is bequeathed to the same persons in the same proportions, and an attempt to do so will not affect the right of a beneficiary to claim under the first will.

2. Trusts ⬯352—Where trustee commingles trust funds with his own, his entire estate is chargeable with the trust.

The usual rule that is applied where a trustee commingles trust funds with his own is that the will be held to have intended that the joint fund should be chargeable with the trusts, and it is only where necessary to protect rights of the cestui que trust that the whole fund is treated as trust property.

3. Trusts ⬯358(1)—Where trust fund is money, and is mingled with other money, equity will take out the same sum.

Where money constitutes the trust fund, equity will follow the money, even if put into an indistinguishable mass, by taking out the same quantity.

4. Trusts ⬯374—Extent of relief to beneficiary in trust fund which had been commingled.

A trustee held money in trust, the income to be paid to his wife during her life, and on her death the fund to be distributed equally between her children. On her death she left a son and two daughters; but, the son being then under restraint as incompetent, the trustee did not distribute

the trust fund, but undertook on his death later to distribute the same by his own will, by placing the equal share of the son in both the trust fund and his own estate, which had not been kept separate, in trust. *Held* that, while such attempt was ineffective as to the trust fund, the son was entitled to recover only his one-third share of the principal of such fund, with legal interest from his mother's death; there being no evidence that she had not received the income therefrom during her lifetime.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Suit in equity by George F. Ormsby against Joseph A. Finney and others. From the decree (281 Fed. 836) complainant appeals. Affirmed.

George F. Ormsby, in pro. per.

W. L. Miller, of Xenia, Ohio, and Robert L. Black, of Cincinnati, Ohio, for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. On October 2, 1855, the will of Nancy W. Gray, a resident of Massachusetts, was admitted to probate, in the probate court of Essex county, Mass. This will devised to a trustee, to be appointed by the court, the undivided fifth part of her estate, to be held in trust for her daughter Caroline Woodbury Ormsby for and during her natural life, and at her death the corpus of such trust fund to the children of Caroline Woodbury Ormsby, share and share alike. Caroline Woodbury Ormsby was then the wife of George S. Ormsby, who in 1868 was appointed by the court of Essex county, Mass., as trustee of this trust fund, which then amounted to $1,598. The plaintiff, George F. Ormsby, and the defendants Caroline Woodbury Burns and Helen Martha Ormsby are the only children of Caroline Woodbury Ormsby, all of whom survive her. They are also the only children of George S. Ormsby. On January 30, 1914, Caroline W. Ormsby died. No distribution was made of the Gray trust fund in accordance with the will creating it, either at that time or before the death of the trustee, George S. Ormsby, January 7, 1917. The estate of George S. Ormsby, including this trust fund, amounted to about $30,000.

The last will and testament of George S. Ormsby, executed December 8, 1916, purports to devise his estate to his children share and share alike. George F. Ormsby, however, was then an inmate of St. Elizabeth's Hospital, Washington, D. C., and for that reason, his share was designated in his father's will as "the George F. Ormsby Fund," and devised and bequeathed to Helen M. Ormsby, as trustee, with directions and authority to her, or her successors in the trust, to use the income therefrom and such part of the principal as she might deem necessary for the comfort of George F. Ormsby, and for the maintenance and education of his son, and at the death of George F. Ormsby all the balance of the trust fund should pass to and become the property of the son, if living. The will further provided that if, in the opinion of the trustee or her successor, George F. Ormsby should be regarded as perfectly sane and cured pursuant to the finding of a competent medical board, and providing the son had reached his majority,

the remainder of the trust fund, including all unexpended net interest, if any, should be paid to George F. Ormsby personally. But if during that period George F. Ormsby attempted in any way to get possession of the son, or interfere with the rights of the mother regarding him, $500 of the fund should be immediately paid to his divorced wife, Amy Law Ormsby. Item 6 of George S. Ormsby's will reads as follows:

"In so far as I may have in my hands at the time of my decease any funds derived from or transferable to a trust fund created for my wife and children under the will of Nancy W. Gray, deceased, I am disposing of the same by this will in the way that same would pass under the terms of the trust. The only persons now interested in the same being my three children to whom and for whose benefit I am bequeathing and devising in equal shares the residue of my estate which is much larger than such trust fund could possibly be claimed to be."

The bill of complaint challenges the right and authority of George S. Ormsby to dispose of the Gray trust fund by will or otherwise, and avers that in so far as he attempted to dispose of that fund or its increase, or any part thereof, by will, such devise is wholly void and of no force or effect. It is further averred in the bill of complaint that George S. Ormsby, trustee, commingled this trust fund with his own estate, so that it is now impossible to distinguish the same therefrom, and that for this reason his entire estate should be treated as the Gray trust fund; that Caroline W. Burns and Helen M. Ormsby have each received from the trustee, during his lifetime, the full amount of their respective interests therein; that Caroline W. Burns and Helen M. Ormsby are not now claiming, demanding, or asserting any interest in this trust fund, other than under the will of George S. Ormsby, and that therefore the entire trust fund should be paid to appellant as the sole claimant thereof. The bill of complaint also challenges the title of the defendant appellee Richard Hurst to what is known as the homestead property, as purchaser at judicial sale in an action brought by creditors against Helen M. Ormsby.

The District Court found upon the pleadings and the evidence that the title to this property was conveyed to Helen M. Ormsby, by deed from her father, George S. Ormsby, and not by will, and that title passed to Hurst under the judicial sale, and quieted Hurst's title thereto. The court further found that the entire George S. Ormsby estate did not constitute the Gray trust fund; that at the time of the death of Caroline W. Ormsby the corpus of that fund amounted to $1,598, and no more; and that the appellant was entitled to an immediate distribution of one-third interest therein, with interest from the date of Caroline W. Ormsby's death at 6 per cent. per annum.

[1] Even though it were conceded that this fund created by the will of Nancy W. Gray, deceased, would pass to the same individuals and be distributed in the same proportion under the will of George S. Ormsby, trustee, as it would under the will of Nancy W. Gray, deceased, nevertheless the trustee had no power or authority to dispose of it by will. Alexander v. Trust Co., 249 Fed. 1, 161 C. C. A. 61. It necessarily follows that the appellant has a legal right to assert his interest in this trust fund under the will of Nancy W. Gray, regardless of

any attempt upon the part of the trustee to dispose of the same by his own will.

The evidence in this case, however, does not disclose that the trustee, George S. Ormsby, so commingled the Gray trust fund with his own estate that it is now impossible to distinguish or separate it therefrom. Nor is there any evidence in this record tending to prove that Caroline W. Burns or Helen M. Ormsby received from the trustee, in his lifetime, the full amount or any part of their respective interest in this fund. On the contrary, it clearly appears that whatever advancements were made to them by their father, who was also the trustee, were made out of his estate, and charged to them in his will.

The will of Nancy W. Gray specifically provided that the trustee should pay the income of this trust fund to Caroline W. Ormsby during her lifetime, and that at her death the corpus of the fund should be distributed to her children, share and share alike. The appellant bases his cause of action solely upon his interest in this trust fund bequeathed to him by the will of Nancy W. Gray. Even if it were conceded that this will bequeathed to the children of Caroline W. Ormsby any interest whatever in the income of this trust fund accrued and unpaid during the lifetime of Caroline W. Ormsby, there is absolutely no evidence in this record tending to prove that George S. Ormsby, as trustee of this fund, did not pay all the income derived therefrom to his wife, Caroline, during her lifetime. In the absence of such evidence, the presumption obtains that he did make such payments to her entire satisfaction. If, on the other hand, appellant were claiming as heir at law of Caroline W. Ormsby, deceased, the evidence discloses that, at the time of her death, she was a resident of Ohio and died intestate. Under the Ohio statutes relating to descent and distribution of intestate estates, the heir at law cannot maintain an action against persons indebted to their ancestors' estate for the recovery of such debt, but the right of action passes to and vests in the personal representative. McBride, Adm'r, v. Vance, 73 Ohio St. 258, 76 N. E. 938, 112 Am. St. Rep. 723, 4 Ann. Cas. 191; Somers v. Boyd, 48 Ohio St. 648, 29 N. E. 497; Luce v. Treasurer, Wright, 654; Woerner's Am. Law Administration (2d Ed.) § 197; Williams on Executors (7th Am. Ed.) 775.

However, the law of Ohio relating to descent and distribution of intestate estates and whether it might be nonapplicable to any case of this class would seem to be unimportant in the disposition of this case, for the reason heretofore stated that there is no evidence whatever tending to show that Caroline W. Ormsby did not receive from the trustee, in her lifetime, all of the income from this trust fund. If, however, the corpus of this trust fund could be traced by substantial evidence into a specific investment, the present owners thereof might elect either to consider that investment, although it had grown largely in value, as the trust fund, or reject the investment and require the trustee to account for the trust and a reasonable income from it. Williams v. Brown, 78 Ohio St. 424, 85 N. E. 1134, affirming Brown v. Williams, 9 Ohio Cir. Ct. (N. S.) 307. There is, however, in this record, no evidence whatever tending to prove any specific investment of this fund.

Upon the death of Caroline W. Ormsby it was the duty of the trustee to distribute this trust fund to her children. He no longer had any right or authority to invest the same, and, if invested at the time of her death, it was his duty to reduce it to possession and distribute it in accordance with the will of Nancy W. Gray, deceased, as soon thereafter as reasonably possible. This he failed to do. His estate, in the absence of evidence tending to prove that he received or could have received a larger income therefrom, is therefore chargeable with a legal rate of interest from the date of the death of Caroline W. Ormsby until the trust fund is actually distributed to its owners.

[2] The failure of the trustee to make distribution at the time of the death of Caroline W. Ormsby and his attempt to distribute this trust fund by his own will, to the persons entitled to receive the same and in the same proportion as provided in the will of Nancy W. Gray, deceased, neither require nor justify the application of the severe rule, applied only in exceptional cases, where the rights of the cestui que trust cannot otherwise be protected, that the whole property or estate will be treated as trust property, where a trustee commingles moneys or property of the trust with his own in such manner that it is impossible for him or his representative to distinguish one from the other. The usual and ordinary rule that is applied where a trustee commingles trust funds with his own is that the trustee will be held to have intended that the joint fund should be chargeable with the trust fund. Perry on Trusts and Trustees, § 128; Bank v. Insurance Co., 104 U. S. 59, 26 L. Ed. 693; Boone County Bank v. Latimer (C. C.) 67 Fed. 27; Alexander v. Fidelity Trust Co., supra; Bank v. King, 57 Pa. 202, 98 Am. Dec. 215; In re A. Bolognesi & Co., 254 Fed. 770, 166 C. C. A. 216; Smith v. Township, 150 Fed. 257, 80 C. C. A. 145, 9 L. R. A. (N. S.) 876; Erie R. Co. v. Dial, 140 Fed. 689, 72 C. C. A. 183; Holder v. Bank, 136 Fed. 90, 68 C. C. A. 554; In re Hallett's Estate, 13 Ch. D. 696.

Even if, as was said in some of the early cases, the burden necessarily rests upon the trustee to distinguish the trust fund from his own, there is in this case no difficulty in distinguishing and segregating this Gray trust fund from the personal estate of George S. Ormsby, deceased. The trust property received by him from the estate of Nancy W. Gray was so much money. It is clear that the donor did not expect or intend that this trust fund would be increased by the income, or any part thereof, for by the express terms of her will the income was to be paid to Caroline W. Ormsby, whenever received by the trustee. Therefore the donor of the fund must have contemplated that the corpus of the fund would remain exactly the same, regardless of the uncertain time of its continuance. Necessarily it was not intended that the money or property constituting the trust fund would be held in kind, but, on the contrary, that it would be invested in the ordinary and usual forms of investment of trust funds, and necessarily subject to all the perils and vicissitudes of such investments, when properly and legally made. Under the facts in this case, and the presumption that necessarily obtains in the absence of evidence to the contrary, the corpus of the Gray fund at the death of Caroline W. Ormsby was

identical in money value with the trust fund of $1,598 received by the trustee in 1868.

[3] Where money constitutes the trust fund, "equity will follow the money, even if put into a bag or an undistinguishable mass, by taking out the same quantity; and the doctrine that money has no earmarks must be taken as subject to the application of this rule." Nat. Bank v. Insurance Co., supra; Blair v. Hill, 165 N. Y. 672, 59 N. E. 1119, affirming Blair v. Hill, 50 App. Div. 33, 63, 63 N. Y. Supp. 670; Harrison v. Smith, 83 Mo. 210, 53 Am. Rep. 571; Perry on Trusts (6th Ed.) § 837.

[4] The facts established by the evidence in this case conclusively show that George S. Ormsby was acting in good faith and for the sole benefit and advantage of his children and the children of Caroline W. Ormsby. At the time Caroline W. Ormsby died this appellant was not legally competent to receive and receipt for his portion of this trust fund, except through a guardian, and this mental incompetency is fully recognized on the face of the will. That condition obtained, presumably at least, until the time of the death of his father, and is, perhaps, unchanged at this time. The father and trustee, however, instead of complying with the letter of the law and paying out this small trust fund, share and share alike, to a guardian of the appellant and to the other children of Caroline W. Ormsby, devised and bequeathed to them an estate which, including this trust fund, amounted to over $30,000, in the same proportion the trust fund was to be divided among them.

The necessity, occasioned by the unfortunate condition of this appellant, for the father to provide by his will that appellant's share of his estate should be placed in a trust fund for his maintenance and support, and for the discharge of his parental duty and legal obligation to maintain and educate his son, is, no doubt, the reason for this attempt upon the part of the appellant to assert his right to the immediate distribution of this trust fund, regardless of the father's will. Otherwise it would be wholly unimportant to appellant whether this fund is distributed separately or as a part of his father's estate. This reason, however, is no justification for the unfair, unjust, and unreasonable attack upon the honesty and integrity of his father, who, as appears from the evidence in this case, acting in good faith, was moved by parental affection to do, not merely justice in so far as this trust fund was concerned, but also to provide to the full extent of his financial ability, which was by no means inconsiderable, for the material welfare of all his children without favoritism or discrimination.

The appellant, however, regardless of motive, is entitled to his legal rights; but the refusal of the other children of Caroline W. Ormsby to join the appellant in this attack upon their father's will affords no reason or excuse for depriving them of their just share of the Gray trust fund or of their father's estate. The testator, by item 27 of his will, provided that—

"Should any one of my heirs at law take any steps through the appointment of an administrator of the estate of my deceased wife, or otherwise, to hold me or my estate to account in any way as trustee for her or her children, or either of them, under the will of Nancy W. Gray, deceased, in either such event, such person shall receive out of my estate the sum of one hundred

dollars ($100.00), and the remaining amount of property originally bequeathed to such person shall be given equally to the two heirs at law who have made no such effort or attempt."

Upon the argument of this case in this court, counsel for appellees stated that they waived, so far as they could do so, all claim of forfeiture by appellant of his interest in the estate of George S. Ormsby by reason of the assertion of the claim that the entire estate of the testator belonged to the Nancy Gray trust. The testator's two daughters are not here represented.

In view of the fact that appellant is still under adjudication of mental unsoundness, we have considered whether appellant's election to assert the claim here presented should be recognized, or whether we should decline to proceed until appellant's capacity to make such election is established. We have concluded, however, that it was not the testator's intention that such act by appellant, while under such adjudication of mental unsoundness, should forfeit his rights otherwise under the will. Such intention would seem unreasonable, in view of the fact that the testator had, when the will was executed, full knowledge of appellant's condition, and expressly took the same into account in the provisions for the benefit of appellant's son and his divorced wife—the protection of appellant (including the son and former wife) appearing in fact to have been the subject of testator's special concern.

Shortly before his death the testator conveyed his homestead at Xenia, Ohio, to his daughter Helen M. Ormsby. Later this homestead was conveyed to the defendant appellee Richard Hurst under judicial sale ordered and made in an action to enforce claims of creditors of Helen Ormsby. Appellant seeks on various grounds to set aside the conveyance to Hurst. The deed to Helen M. Ormsby is unconditional, and purports to convey and does convey to her an absolute estate in fee simple in the property described therein. In the opinion of this court this property passed to Helen Ormsby under this deed from her father, and not under the will, which is in no wise inconsistent with the deed, merely because the will charges her with the value of this property $1,200 as an advancement made to her out of her father's estate during his lifetime, and for the purpose of equalizing the inheritance requires her to pay $400 to the George F. Ormsby fund and $400 to Caroline W. Burns out of the $2,000 bequeathed to her in item 7 thereof. The payment of this amount of money is not made a condition precedent to the vesting in her of the title under the deed, nor is it made a lien upon the property, the title to which was conveyed by the deed. On the contrary, the will provides that it shall be paid out of the $2,000 bequest. There is, therefore, no merit in appellant's contention that Helen Ormsby's title to the homestead under the deed was conditioned upon her accepting and performing the conditions named in the will, and conveying to one or both of the other heirs all property received by her out of her father's estate, nor because of any express or implied promise on her part to convey the homestead to one or both of the other heirs, in case of her failure to comply with any provision or request contained in the will.

Appellant presents a large number of issues, which we have not thus

far noticed, and none of which are, in our opinion, pertinent to this appeal. We mention only these:

The so-called Shoup Case, which seems to relate to the proceeding to sell the testator's property in the course of administration, is not before us, nor are any of the orders made therein contained in the transcript. The court below did not consider or pass upon any questions raised thereby.

The order made by the District Court, modifying its former order requiring Joseph A. Finney, trustee of the George F. Ormsby fund created by the will of George S. Ormsby, deceased, to make monthly payments to Ormsby, releasing such trustee from further payment, was properly made and entered in this case, for the reason that appellant was not and is not claiming under that will, but, on the contrary, under the will of Nancy W. Gray, deceased. The court having found that the excess of the father's estate over and above the present money value of the Gray trust fund, with interest thereon from January 30, 1914, is no part of the Gray trust fund, it necessarily follows that no such order can be made in this case upon the trustee of the George F. Ormsby fund, created by his father's will. That matter is solely within the jurisdiction of the probate court, in which George S. Ormsby's will was probated, and which appointed Finney trustee of that fund as successor to the trustee named in the will.

The contention that appellant's infant son should have been allowed to choose his own guardian in the District of Columbia is not pertinent, until some estate is actually awarded to the infant. Meanwhile his guardian ad litem properly represents his interest in this suit.

In view of the conclusion reached upon the merits of the case, the various motions presented from time to time by appellant, for summary judgment or for special relief upon one or more features of the case, must be denied.

For the reasons above stated, the judgment of the District Court is affirmed.