### In re SHAPIRO BROS. *

#### Ex parte LYDEN.

(District Court, S. D. New York. October 15, 1923.)

Bankruptcy ⊜⟹140(3)—Customer held entitled to impress trust on bank balance of bankrupt stockbrokers for check given to purchase securities.

Where certified check given to purchase securities to purchase securities was deposited to broker's credit in bank on same day that bankruptcy petition was filed, and brokers' bank balance at close of day's business was due entirely to such check, customer *held* entitled to impress trust on such balance.

In Bankruptcy. In the matter of Shapiro Bros., bankrupts. On motion to confirm report of special master in bankruptcy denying a petition in reclamation by Norah Lyden against the receiver. Motion denied.

Dennie K. Keller, of New York City, for claimant.
Jerome G. Jackson, of New York City, for receiver.

LEARNED HAND, District Judge. The bankrupts were stockbrokers, without seats on any exchange. The claimant gave them an order to buy for her 100 shares of stock and a bond. This they executed by giving orders to purchase to a Consolidated Exchange broker, who executed the order for the stock and transmitted the order for the bond to a Stock Exchange broker, who executed it. The bankrupts then gave to the claimant "confirmations" and asked for the purchase price. She sent them a check, which was twice dishonored, but eventually certified by the drawee, and deposited to their credit in their bank. Petition was filed against them the same day, and the Consolidated Exchange broker closed out their account and directed the Stock Exchange broker to do the same. Neither stock nor bond had ever been delivered. The bankrupt's account showed a balance

---

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Order affirmed 298 Fed. 1021.

at the close of business, which may be regarded as due entirely to her check, and which she claims on the theory that the money was given to the bankrupts on a specific trust never fulfilled.

When a broker's customer deposits money to pay for securities purchased, I must confess it would have seemed to me very clear that it was not intended to be held in trust to apply to their purchase price. I am assuming that the order has been executed, and that the broker stands charged with a debt for the price and vested with a claim to the securities. On receiving a check, I had not supposed that he was in any sense bound to keep its proceeds intact and devote them to the payment of his debt for the securities. Rather he was free to use the funds generally, and stood bound to deliver the securities free and clear. Everything stood in debit and credit, save that he held the securities in trust.

However, in People v. Meadows, 199 N. Y. 1, 92 N. E. 128, the conviction of a broker for embezzlement was sustained because he misapplied the proceeds of such a check, and while, of course, the case is not authoritative here, since we follow our own notions of commercial law, I should not easily disregard the decision of a court of such high authority. Even though I should not follow it, if it stood alone, I think I am bound by the decision of the Circuit Court of Appeals for this circuit in Re Bolognesi, 254 Fed. 770, 166 C. C. A. 216. There the bankrupts were bankers and received depositors' funds to buy foreign drafts. They failed before the drafts were purchased, and the customers were allowed to impress a trust upon their general account, into which the purchase money had gone. There can be no more reason for so doing than for impressing a trust on the account here.

In re Wettengel, 238 Fed. Rep. 798, 151 C. C. A. 648, is distinguishable, because there the brokers "bucketed" the customer's order and never got any right to receive the money at all. It was impressed with a trust, because it was fraudulently received. Judge Holt in Re Tracy (D. C.) 185 Fed. 844, ruled in the customer's favor in a case indistinguishable from that now at bar. In Re A. O. Brown, 175 Fed. 769, 99 C. C. A. 345 (C. C. A. 2), the broker had bought the stock and then converted it. The case decides that the customer may not rescind for the broker's failure to deliver and follow the consideration. And yet it is a curious result, if the consideration is originally treated as a deposit in trust, that the failure to perform—because performance certainly includes, not only purchase, but delivery—should not allow a rescission.

While I should have sided with the receiver, if the point had been res integra, I feel bound to accept the authority of the cases cited, and to leave it to a higher court, where perhaps the receiver may conclude to go, to make any change in a rule which seems to me to cover the case at bar. The claimant may take an order for the balance in the account at the close of business.

On the argument the claim on the balance received from the Consolidated Exchange broker was not pressed. It is untenable.