In the Matter of Julius SHAPIRO and Samuel J. SMITH, Individually, etc., Bankrupts. Bernard Naumberg, as Receiver, etc., Appellant. (Circuit Court of Appeals, Second Circuit. May 9, 1924.) No. 363. Appeal from the District Court of the United States for the Southern District of New York, in Bankruptcy. For opinion below, see 298 Fed. 196. Melvin H. Dalberg and Jerome C. Jackson, both of New York City, for appellant. Dennie K. Keller, of New York City (Joseph A. Fagnant, of New York City, of counsel), for appellee Norah Lyden. Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The facts, according to their legal effect, are that on the morning of March 17, 1922, the bankrupts received $5,504 for the specific purpose of buying, procuring, and delivering to the giver of the check certain securities. We regard the fact that the check had been delivered two days before, but had not been turned into cash until the date first given, as immaterial. Without fraud on the part of any one, although orders were given for the purchase of these securities, they were not in point of fact purchased by the bankrupts when, on the afternoon of May 17th, this petition was filed. The order for their purchase had been given, but it had not been executed by the bankrupts. Consequently, when bankruptcy supervened, Shapiro & Co. had in their possession the clearly traceable funds derived from the check in

question, which funds are the subject of this litigation. Under such circumstances the court was right in holding In re Bolognesi, 254 Fed. 770, 166 C. C. A. 216, as plain disposition of this cause. In re Brown, 175 Fed. 769, 99 C. C. A. 345, is an illustration of what would have been the situation, had these bankrupts executed the order, obtained the securities, and then converted them. In re Tracy (D. C.) 185 Fed. 844, is in accord. In re Wettengel, 238 Fed. 798, 151 C. C. A. 648, is not opposed on the facts there found; i. e., that the bankrupts advised their customer that they had purchased the securities he wanted, and money was paid them on the faith of that statement, which statement was in effect found to be a falsehood. Order affirmed, with costs.