MATTERS v. MANUFACTURERS' TRUST
CO. et al.

No. 435.

Circuit Court of Appeals, Second Circuit.

May 29, 1933.

Newman & Bisco, of New York City (Leonard G. Bisco, of New York City, of counsel), for appellants.

Shaine & Weinrib, of New York City (Edward C. Weinrib, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

 This appeal is from a decree upon a second trial, following our disposition of the cause in our decision reported in 54 F.(2d) 1010. We then held that any deposits which Rose made upon February 10th were preferentially intended, and we took the lowest balance on his books, $30,265, on February 16th, as the proper credit to the bank. We said that any check which he drew must be understood to be charged against his account as it then stood though not of course that it was an assignment. Upon reargument it was urged that some of the checks drawn had not been presented when the note was paid, and we left open the question whether these were proper credits to the bank. We then changed the proper credit to $9,000 on February 14th, treating the first note for $25,000 as paid out of deposits made before February 10th. Two separate questions now arise: Whether, in computing the preferential deposits, only the checks drawn by Rose must be considered; whether in fixing the bank's credit, which may be allowed as an offset, checks drawn are not to count, but only those cashed. As to the first, Rose's account must be taken as the test; his intent was always to build up his account beyond outstanding checks, as we said before. As to the second, we will for argument assume that the proper credit to the bank is not to be determined altogether by his books, but in part at least by checks presented. In this view it would therefore be wrong to take as the credit, the balance on Rose's books of $9,000 on the 14th. The defendant so argues, seeking the benefit of checks not cashed. But it is apparent that if we are to adopt this method at all, it must be consistently followed. We may not take Rose's balance in part to establish the credit to which the bank is entitled, and try to combine it with the bank's balance. Assuming that we are to consider the cashing of the checks as material, we must use the bank's balance throughout. Following this hypothesis, we state the proper credit from that balance, allocating withdrawals to earlier deposits in accordance with the usual rule. Clayton's Case, 1 Meri-

vale 572; In re Bolognesi & Co., 254 F. 770 (C. C. A. 2); Empire Co. v. Carroll County, 194 F. 593 (C. C. A. 8). Cf. Cunningham v. Brown, 265 U. S. 1, 12, 44 S. Ct. 424, 68 L. Ed. 873. The credit is to be taken as of February 27th, not February 23d. While it is true that the second date determines Rose's intent, as will appear, the note was not due then, and the bank had no right to set off the outstanding balance on that day, but only on the 27th, when it matured.

 On February 10th, the bank's balance was $72,223. The checks cashed before February 27th were $71,667, leaving a balance of $556. At no time had the balance been exhausted so as to require the use of any preferential deposits made after February 10th. To this credit, however, must be added $8,810, which the plaintiff agrees was a deposit not preferentially intended, though made after February 10th. Thus the available credit on February 27th, when the note of $100,000 was paid, was $9,366. The deposits after February 10th and up to February 23d were $89,536; they were all preferential except the sum of $8,810, just mentioned, leaving as preferentially deposited, $80,726. On the 23d Rose deposited $44,197, which brought up his account upon his own books to $124,366. We should not count the surplus over $100,000, i. e., $24,366, as deposited with preferential intent, but we must count so much of $44,197 as was necessary to cover the note in that amount; this is $19,831. Thus the total of preferential deposits were $100,557, against which the bank had an allowable credit of $9,366. The preference taken on that day to pay the note was therefore $91,191, substantially what we held before.

 The plaintiff has agreed to abate from this $2,351, checks never presented at all. We need not consider the propriety of this allowance. It may be that Rose knew before February 23d that these checks would not be issued. If so, he knew that his balance really was not $124,366, but $126,717. If so, the amount of the deposit which he preferentially deposited was not $19,831, but $17,480, and the total preferential deposits used on the 27th was not $91,191, but $88,840. Perhaps it was proper to abate so much, since the plaintiff has the burden of proof, and it is possible that Rose knew before February 23d, that these checks would never be presented. Since the result chances to be the same by either method, we need not decide which was proper.

Decree affirmed.