**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**BARRETT HERRICK & CO., Inc. and Frederick L. Chapman, Defendants.**

United States District Court
S. D. New York.
March 7, 1957.

See also D.C., 20 F.R.D. 94.

Gilbert & Gilbert, New York City, for petitioner Evelyn R. Armstrong.

James D. Walsh, New York City, for David I. Shivitz, receiver.

SUGARMAN, District Judge.

In his brief in opposition to the within motion the receiver's counsel states:

"There is no controversy over the facts between the parties to this motion.

"The petitioner, Armstrong, a customer of the broker-dealer firm of Barrett Herrick & Co., Inc., purchased on August 30, 1956, from Barrett Herrick, as principal, 300 shares of American Mutual Fund for a total price of $3,096.00.

"Payment for such stock was due four business days later, to wit, September 6, 1956. On that date the petitioner sent by mail her check for $3,096.00 to Barrett Herrick, payable to that corporation. The check was dated September 6, 1956.

"On September 11, 1956, an order was obtained by the Securities and Exchange Commission temporarily restraining the defendant Barrett Herrick from further activity as a broker-dealer.

"After the Receiver had qualified and entered upon his duties on September 19, 1956, he deposited such check, on or about September

24, 1956, among others in an account as Receiver in the Chemical Corn Exchange Bank, Broad Street Branch.

"A search of the records of Barrett Herrick reveals that it did not purchase from the issuer the 300 shares of American Mutual Fund, Inc. for the account of the petitioner herein, nor did it ever tender such stock to her.

"Due demand was made by the petitioner, through her attorneys, for the return first of such stock and then of the monies paid by the petitioner. Upon the advice of counsel, the receiver did not repay the monies demanded."

On those facts petitioner now moves "for an order authorizing, permitting and directing David I. Shivitz, Receiver, to pay the sum of Three Thousand Ninety-Six ($3,096.00) Dollars, together with interest thereon from the 24th day of September, 1956 to Evelyn R. Armstrong."

The receiver opposes granting the relief sought claiming that since the amendment of § 60, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 96 sub. e, the prior cases which support the petitioner's position no longer apply. The simple answer to that argument is that this is a suit brought by the Securities and Exchange Commission pursuant to § 21 (e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u(e), in which a consent judgment of restraint was entered wherein the receiver was appointed. Hence the Bankruptcy Act is inapplicable.

The cases which the receiver seeks to elude, while they arose as a result of brokers' insolvency, hold that "a customer may reclaim money which he has paid to his broker for the purchase of securities where the securities have not actually been purchased, provided the money can be traced. This doctrine is based on the right of the customer to rescind where his order has not been executed." [1]

Except in so far as interest [2] on the money is sought, the petition is granted.

It is so ordered.

1. 1 Meyer, Stock Brokers and Stock Exchanges 664; In re Ruskay, 2 Cir., 1925, 5 F.2d 143; In re Shapiro, 2 Cir., 1924, 298 F. 1021; In re Bolognesi & Co., 2 Cir., 1918, 254 F. 770; In re Brown, 2 Cir., 1910, 185 F. 766; In re Schmidt & Co., D.C.S.D.N.Y.1923, 298 F. 314; In re Brown & Co., D.C.S.D.N.Y.1911, 189 F. 440.

2. Vanston Bondholders Protective Committee v. Green, 1946, 329 U.S. 156, 163–167, 67 S.Ct. 237, 91 L.Ed. 162; 75 C.J. S., Receivers, § 270.