## In re STANLEY B. YOUNG & CO., Inc.
### No. 11312.

District Court, W. D. Kentucky.
June 3, 1940.

Chas. E. Keller, of Louisville, Ky., for Albert E. Phillips.

Woodward, Dawson & Hobson, of Louisville, Ky., for trustee.

A. C. VanWinkle and D. A. Sachs, both of Louisville, Ky., for Grant.

Steinfeld & Steinfeld, of Louisville, Ky., for Holland.

MILLER, District Judge.

Robert H. Holland and Albert E. Phillips have petitioned for a review of the Referee's order of February 26, 1940 which sustained the objections of the Trustee to the allowance of their respective claims filed by them against the bankrupt estate.

The bankrupt, Stanley B. Young and Company, Inc., was engaged in the brokerage business dealing in securities. It was adjudged a bankrupt on July 18, 1935. On that day Granberry and Company, a New York brokerage house with a branch office in Louisville, Kentucky, held as collateral on an indebtedness from the bankrupt to Granberry and Company a number of securities including 710 shares of Childs Preferred stock. This stock stood in the name of Stanley B. Young and Company. Some of this stock was purchased by the bankrupt through Granberry and Company on July 6, 1935 for which the bankrupt paid $6,000 by checks drawn on the Lincoln Bank and Trust Company of Louisville. Following the bankruptcy Granberry and Company sold the pledged collateral and there remains after payment of the indebtedness and claims of other creditors who were able to identify their securities as being part of the pledged collateral the sum of $5,916.80, which amount less proportionate costs of administration is available for distribution. Intervening petitions were filed by Edward M. Grant, E. M. Plummer, Robert H. Holland and Albert E. Phillips claiming a right to share as preferred creditors in this surplus by reason of their alleged claims against the 710 shares of Childs Preferred stock standing in the name of the bankrupt at the time of bankruptcy. The claims of Grant and Plummer were allowed by the Referee and are not reviewed in this proceeding. The claims of Holland and Phillips were disallowed by the Referee, and those claimants have taken this review.

*Claim of Robert H. Holland:*

On July 9, 1935 Holland purchased from Stanley B. Young and Company 150 shares of Childs Preferred stock for $3,900. On July 17, 1935, the day before the adjudication in bankruptcy, he sold the 150 shares of Childs Preferred stock to the bankrupt for $3,600. By reason of certain other transactions Holland had a credit with the bankrupt which more than offset this loss and which left a balance due Holland from the bankrupt in the sum of $395.12. Following the sale of the Childs Preferred stock the bankrupt issued its check to Holland on July 17, 1935 on the Lincoln Bank and Trust Company payable to Holland and in payment of the balance owing to him at that time. This check was outstanding and unpaid at the time of bankruptcy. Holland claims that he is entitled to receive the money due him from the sale of his Childs Preferred stock out of the proceeds of the sale of the Childs Preferred stock on hand at the time of bankruptcy. The sale on July 17, 1935 was a complete transaction and closed out the account of the claimant with the bankrupt. At that time the claimant parted with the title to all securities previously purchased by him and in the possession of the bankrupt and became a creditor of the bankrupt with no lien claim against the stock so sold and delivered. The claimant could have demanded cash or a certified check in payment of his unpaid balance but instead was content to accept an unsecured obligation of the bankrupt. The adjudication in bankruptcy on the following day did not change this debtor-creditor relationship. The Referee's ruling to the effect that this claimant had no valid claim to any part of the 710 shares of the Childs Preferred stock on hand at the time of bankruptcy is approved.

*Claim of Albert E. Phillips:*

The bankrupt without authority sold 15 shares of Kentucky Utilities Stock belonging to Phillips on May 23, 1935, and deposited the proceeds of $1,004.25 in the Lincoln Bank and Trust Company. The bankrupt thus became a constructive trustee of these funds. Trevathan's Exec. v. Dees' Executor, 221 Ky. 396, at page 410, 298 S.W. 975; Farmers' Bank v. Bailey, 221 Ky. 55, 297 S.W. 938. Phillips can enforce his equitable lien against these funds as long as they can be identified and unless acquired by a holder for value without notice. On July 6, 1935 the bankrupt bought some Childs Preferred stock for which he paid $6,000 by checks on the Lincoln Bank and Trust Company. This stock

was on hand at the time of bankruptcy on July 18, 1935. If Phillips' money was used to buy this stock, his equitable lien exists against the stock in preference to general creditors. The fact that the stock on hand at the time of bankruptcy stood in the name of the bankrupt does not defeat this claim. See Duel v. Hollins, 241 U.S. 523, 36 S.Ct. 615, 60 L.Ed. 1143. The Referee held that the claimant had not traced his funds into the stock so purchased and disallowed the claim, on the ground that it was not shown that the bankrupt had not spent the money in other purchases between May 23 and July 6. But between May 23 and July 6 the account of the bankrupt with the Lincoln Bank and Trust Company at no time went below $2400. On July 6th the $6,000 withdrawal reduced the account to $378.22. The old rule that money has no earmarks and that the blending of trust money with the money of the trustee will defeat the title of the beneficiary and reduce him to the status of an unsecured creditor is no longer in force. The better rule is that confusion does not destroy the equity entirely, but converts it into a charge against the entire mass giving the beneficiary a priority of right over the other creditors. When funds have been so mingled money paid out for the holder's own purposes will be presumed to have been paid from his own money and not from the trust money, where the mingled fund has not been reduced at any time below the amount of the trust fund. This is an example of the equitable maxim that equity imputes an intention to fulfill an obligation. Applying this equitable principle means that on July 6, 1935 when the stock was purchased all of the claimant's $1,004.25 was still on deposit, and the $6,000 used to pay for the purchase included $626.03 of claimant's money ($1,004.25 minus $378.22 left in the deposit). See Farmers' Bank v. Bailey, supra. The additional $240 claimed by Phillips was not deposited in the bank until July 9, 1935 and accordingly was not used in the purchase of Childs Preferred stock on July 6, 1935.

Since Edward M. Grant and C. M. Plummer have also established rights against the 710 shares of Childs Preferred held by the bankrupt in the total amount of 900 shares, Phillips will be required to share with them in the distribution of the net proceeds from the trustee's sale of the 710 shares. His basic claim is for the number of shares purchased by his $626.-03 at the purchase price paid on July 6, 1935, which will share pro rata with the respective claims of Grant and Plummer.

The Referee's order of February 26, 1940 is affirmed with respect to the claim of Robert H. Holland, and set aside with respect to the claim of Albert E. Phillips.