**MASSEY–HARRIS–FERGUSON, Limited, Petitioner,**

v.

**Hon. Marion Speed BOYD, United States District Judge for the Western District of Tennessee, Respondent.**

**No. 13121.**

United States Court of Appeals
Sixth Circuit.

April 12, 1957.

Cahill, Gordon, Reindel & Ohl, John F. Sonnett, Kenneth D. Wallace, New York City, Canada, Russell, Turner ,& Alexander, Cooper Turner, Jr., Thomas R. Price, Memphis, Tenn., for petitioner.

Lowell W. Taylor, William A. Percy, Memphis, Tenn., for movants, Southland Tractors, Inc., and Farm Tractors, Inc.

Before ALLEN, MILLER and STEWART, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Petitioner, Massey-Harris-Ferguson, Limited, a Canadian corporation with its principal office in Toronto, Ontario, Canada, has filed in this court its Petition for Writ of Mandamus or Prohibition or Other Appropriate Writ against Hon. Marion Speed Boyd, United States District Judge for the Western District of Tennessee, pursuant to Section 1651(a), Title 28 U.S.Code. The petition prays that this court issue an appropriate writ directing Respondent to vacate and set aside the order entered by him on January 4, 1957 in Action No. 2969, U. S. District Court for the Western District of Tennessee, in which Southland Tractors, Inc., and Farm Tractors, Inc., are plaintiffs, and the Petitioner, herein referred to as the Canadian Corporation, together with Massey-Harris-Ferguson, Inc., a corporation organized under the laws of Maryland, and a wholly-owned subsidiary of the Petitioner, herein referred to as the American Company, are named defendants.

In the District Court action, the plaintiffs claim to have been damaged in amounts exceeding $2,500,000 and $3,150,000, respectively, by reason of violations by the defendants of the provisions of the federal anti-trust laws, Sections 1-33, Title 15 U.S.C.A. for which alleged wrongs they claim triple damages. No question is raised about jurisdiction over the American Company. Process against the Canadian Corporation was served in Memphis upon an Assistant Branch Manager of the Memphis Branch of the American Company, and in Detroit, Michigan, upon Herman Klem, who was an officer of both the American Company and the Canadian Corporation. The Canadian Corporation appeared specially and moved to quash the purported service upon it upon the grounds that it was not an inhabitant of or transacting business in the Western District of Tennessee and was not either actually or legally present or found in the Western District of Tennessee, and accordingly was not subject to suit in said District. The motion was supported by affidavits of officers and agents of the two companies stating the separate corporate existence of the two companies, that the Canadian Corporation was not qualified to do business in Tennessee and had never maintained any office or place of business in the Western District of Tennessee, that it had never done any advertising, solicited any business, made any sales, or appointed anyone as its agent in the Western District of Tennessee, that it had never made any sales to the plaintiffs, and that the American Company had never acted as the agent for the Canadian Corporation but had in all its dealings with the plaintiffs acted solely in its own name and for its own account. The plaintiffs filed a verified response to the motion to quash which denied the allegation of the Canadian Corporation that it was not transacting business in the Western District of Tennessee, and stated that the Canadian Corporation had, since long prior to August 1953, carried on a tremendous business in the Western District of Ten-

nessee through its own instrumentalities and agencies, and that the American Company was organized as an outlet for the sale in the United States of products manufactured by the Canadian Corporation and has at all times since its organization been an instrumentality and agency for the Canadian Corporation. Several hundred pages of depositions, which included numerous exhibits, were taken on the issue involved, which evidence has been forwarded to this Court for its consideration.

The District Judge made the following findings of fact:

"The American company maintains a district office at Memphis with a manager, and assistant manager, and certain other personnel. This office is the distributor for farm machinery manufactured by both the American company and the Canadian company. It appears that merchandise of the approximate value of three million dollars yearly was shipped into Memphis from the Canadian concern, and that this accounts for between sixty and seventy-five percent of the business done by the local office. The Canadian company, incidentally, claims that all of these sales are the result of contracts between it and the American company. However, the correspondence in the record reveals that the American company was mainly the sales outlet in the United States for the Canadian concern. There are (interlocking) officers and directors as between the two. Annual statements of the Canadian company shows the American company as a division or branch of the Canadian company, which would mean that the Memphis office is probably a sub-branch. Engineers are sent to Memphis from Canada to run field tests for the purpose of developing farm equipment for use by farmers in this trade territory or section of the country. These engineers paid expense money by the local office.

"The whole structure of the Canadian company is, in the Court's opinion, that of a very large enterprise with full control of all of its many operations, including the Memphis office in this judicial district. The American company operates wholly under the control and dominion of the Canadian company, even to the extent of procuring approval for the expenditure of moneys of any substantial amount."

The District Judge ruled that for all intents and purposes there was only one corporation, the parent Canadian Corporation, with the American Company and affiliates being merely adjuncts or instrumentalities of the Canadian Corporation; that the activities and operations of the Canadian Corporation were a continuous course of business of a substantial character within the Western District of Tennessee; and that the Canadian Corporation was found in the District, was transacting business in the District, and was subject to the jurisdiction of the Court and its processes. The motion to quash was overruled by order of January 4, 1957, which is the order the present application for Mandamus by the Canadian Corporation seeks to have vacated.

Petitioner contends that the ruling of the District Judge that the Court has jurisdiction over it is clearly erroneous, that it encroaches upon the sovereignty of Canada and will expose Petitioner or its officers to fines and penal provisions under Canadian or Ontario laws or to contempt of the lower court, that the Petitioner has no adequate remedy through any ordinary appellate procedure which might eventually be available to it, and that it will suffer irreparable injury from the action of the District Judge if it is required to proceed with the defense of the case, and that Mandamus or Prohibition under the All Writs Act, Sec. 1651, Title 28 U.S.Code, is the appropriate remedy where a District Court erroneously asserts jurisdiction over an alien corporation clearly not subject to jurisdiction. On the question of juris-

diction it relies chiefly upon Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. See also: People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, and Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684. The District Judge relied chiefly upon United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091. See also: International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Travelers Health Ass'n v. Commonwealth of Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; Scholnik v. National Airlines, 6 Cir., 219 F.2d 115, certiorari denied 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280, rehearing denied 350 U.S. 868, 76 S.Ct. 99, 100 L.Ed. 769.

In the present state of the litigation we consider it inadvisable to rule on the issue involved. The record in its present shape indicates that the question is a difficult one, and the ruling doubtful, both as a matter of fact and in point of law. As was said by the Supreme Court in Ex parte Muir, 254 U.S. 522, 533, 41 S.Ct. 185, 188, 65 L.Ed. 383, "The suit is still in the interlocutory stage. The court may take up again the question of its jurisdiction. If it does, the inquiry may proceed on other lines and the facts may be brought out more fully than before. In addition, the question may be re-examined in regular course on an appeal from the final decree." The Court in that case held that where the existence or absence of jurisdiction is in doubt, the granting or refusal of the writ is discretionary, and deemed it a proper exercise of discretion to refuse the writ. See also: Ex parte Chicago, R. I. & Pac. Ry. Co., 255 U.S. 273, 41 S.Ct. 288, 65 L.Ed. 631.

Assuming that it should be found to be erroneous, it is subject to review by us if and when a final judgment should be entered against the Petitioner. Eastman Kodak Co. v. Southern Photo Materials Co., supra. The present ruling is not a final order, but interlocutory in nature, from which an appeal does not lie. Secs. 1291, 1292, Title 28 U.S. Code. In the usual case the rule against piecemeal appeals is not to be circumvented by resort to Mandamus or Prohibition. Ex parte Harding, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252; Roche v. Evaporated Milk Association, 319 U.S. 21, 27–31, 63 S.Ct. 938, 87 L.Ed. 1185; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106.

We do not consider the recent decision of the Supreme Court in La Buy v. Howes Leather Co., 352 U.S. 249, 77 S. Ct. 309, 1 L.Ed. 290, as changing the rule. It recognized that Mandamus should be resorted to only in extreme cases, but held that the unusual circumstances existing in that case made the use of the writ appropriate. In our opinion, the present case does not involve such unusual circumstances. Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Direct Transit Lines v. Starr, 6 Cir., 219 F.2d 699; Sunbeam Corp. v. Picard, 6 Cir., 227 F.2d 596. See also: Eastman Kodak Co. v. Southern Photo Materials Co., supra, 273 U.S. 359, 367–368, 47 S.Ct. 400, 71 L.Ed. 684, where the usual procedure was followed after an adverse ruling to the defendant on the question of jurisdiction.

The Petition for Writ of Mandamus or Prohibition or Other Appropriate Writ is denied.