248 F.2d 156
 Charles G. BLACK, Trustee in Bankruptcy, for the Butler-Foster Milling Company, Petitioner,
v.
The Honorable Marion S. BOYD, United States District Judge for the Western District of Tennessee, Respondent.
The FIRST NATIONAL BANK OF MEMPHIS, Petitioner,
v.
The Honorable Marion S. BOYD, United States District Judge for the Western District of Tennessee, Respondent.
 No. 13079.
 No. 13094.
 United States Court of Appeals Sixth Circuit.
 September 23, 1957.
 
 John R. Gilliland, Memphis, Tenn., Walter P. Armstrong, Jr. and J. S. Allen, Memphis, Tenn. on the brief, for Charles G. Black.
 Vincent Beal, A. Longstreet Heiskell and Harry Kemker, Memphis, Tenn., for First Nat. Bank of Memphis.
 Edward P. Russell, Memphis, Tenn., for Hon. Marion S. Boyd.
 Before ALLEN, MILLER and STEWART, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 Charles G. Black, Trustee in Bankruptcy for the Butler-Foster Milling Company, hereinafter referred to as the Trustee, and The First National Bank of Memphis, hereinafter referred to as the Bank, filed in this Court their separate applications for leave to file a petition for Writ of Mandamus to the Hon. Marion S. Boyd, Judge of the United States District Court for the Western District of Tennessee, directing him to set aside and vacate in certain respects an order entered by him on October 22, 1956, in a cause filed in that court by Continental Grain Company, hereinafter called Continental, plaintiff, against the Trustee and the Bank as defendants. On January 17, 1957, an order was entered by this court in each application directing that the District Judge show cause why a Writ of Mandamus should not issue directing him to vacate and set aside the said order. The District Judge has filed his response in each case and the matter is now before us on the legal issues presented by the petition and response in each case. Since the two proceedings involve the same factual situation and present the same questions of law, they will be considered together in this single opinion.
 
 
 2
 The facts out of which the controversy arises are as follows. On March 1, 1955, and prior thereto, the Butler-Foster Milling Company, hereinafter referred to as the Milling Company, was indebted to the Bank in the sum of $2,699,491.00 which indebtedness was purportedly secured by warehouse receipts for large quantities of soybeans issued by Alabama Grain Elevator Company of Mobile, Alabama. On February 28, 1955, the Milling Company sold to Continental, 1,299,839 bushels of soybeans represented by said warehouse receipts. On March 1, 1955, Continental deposited in its account at the Bank $3,300,000.00 and its agent in Memphis delivered to the Milling Company its check drawn on the Bank in the sum of $3,164,458.05. The Milling Company deposited the check in its account at the Bank and immediately thereafter gave the Bank its check for the full amount of its indebtedness to the Bank, namely, $2,699,491.00. The warehouse receipts were surrendered by the Bank and delivered to Continental's agent. It later developed that the warehouse receipts were invalid and that the Alabama Grain Elevator Company did not have in its possession the soybeans called for by the receipts. The Milling Company was adjudicated bankrupt on April 27, 1955.
 
 
 3
 Continental thereafter filed in the District Court for the Western District of Tennessee its action against the Trustee and the Bank, alleging that the Milling Company obtained the purchase price of $2,699,491.00 by fraud and under such circumstances as made it a constructive trustee. The complaint alleged that the Bank either had actual knowledge of the fraud, or had notice of such facts, which if pursued in a reasonable intelligent manner would have led to such knowledge, when its indebtedness was paid, and that the facts stated constituted the Bank a constructive trustee of the $2,699,491.00 paid to it by the bankrupt. It sought judgment against the Bank for "said sum of money."
 
 
 4
 The Trustee filed an answer and counterclaim which alleged that the Bank received the money in good faith and was not a constructive trustee as claimed by Continental. The Trustee also filed a cross-claim against the Bank in which he asserted that the payment to the Bank having been made within four months of adjudication constituted a recoverable preference for which he sought a judgment against the Bank. The Bank filed answers to the complaint and to the cross-claim denying the material allegations of each.
 
 
 5
 The Trustee seasonably demanded a jury trial of the issues raised in his answer and counterclaim to the complaint and also of the issues raised in his cross-suit against the Bank. The Bank in its answer to the complaint demanded a jury trial of the issues raised by the complaint and its answer thereto.
 
 
 6
 Continental filed motions (1) to strike the Bank's demand for a jury trial, (2) to strike the Trustee's demand for a jury trial of the issues presented by the complaint and the Trustee's answer and counterclaim, (3) for a separate trial of its suit against the Bank and the Trustee and to sever its suit for trial purposes from the cross-claim of the Trustee against the Bank, and (4) that the Trustee's cross-claim against the Bank be held in abeyance and postponed until after the trial of the Continental suit against the Bank and the Trustee.
 
 
 7
 On October 22, 1956, the District Judge entered the order which is the basis for the controversy herein, which sustained Continental's motion to strike the Trustee's demand for a jury trial of the issues between Continental and the Trustee, raised by the complaint and the Trustee's answer and counterclaim, and Continental's motion to strike the Bank's demand for a jury trial of the issues raised by the complaint and the Bank's answer thereto. He also ordered the Trustee's demand for a jury trial of the issues between him and the Bank raised by the Trustee's cross-claim against the Bank and the Bank's answer thereto stricken, although no party had moved to strike this demand for a jury trial. He overruled the motions for a severance and a separate trial and ordered that all issues in the case as between all parties thereto be tried before the Court without a jury.
 
 
 8
 The present applications for a Writ of Mandamus set out the foregoing pleadings, motions and order and state that Continental's complaint, the Trustee's answer and counterclaim thereto, the Bank's answer thereto and the Trustee's cross-claim against the Bank raised certain legal issues upon which the parties were entitled to a trial by jury as a matter of right upon demand seasonably made, that the order of the District Judge denying a jury trial of any of these issues was in contravention of their rights provided by the Seventh Amendment of the Constitution of the United States, that there is no statutory or other method of appeal available to the petitioners to obtain for them a trial by jury to which they are entitled, and that there is no adequate remedy other than the Writ of Mandamus which is necessary for the protection of the appellate jurisdiction and in aid thereof. Petitioners ask that the writ issue directing the District Judge to set aside and vacate the order denying them the right of trial by jury and to order the trial of all issues embraced in the cause by a jury.
 
 
 9
 The order denying jury trial is interlocutory and not appealable, although it is subject to appellate review later after a final judgment is entered in the cause. Sections 1291, 1292, Title 28 U.S.Code; City of Morgantown, W. Va. v. Royal Insurance Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347. Whether petitioners can obtain a present review of the order by a mandamus proceeding against the District Judge, notwithstanding the fact that the order is not an appealable one, is the initial question presented.
 
 
 10
 Petitioners claim the right to the mandamus herein applied for under Section 1651(a), Title 28 U.S.Code, usually referred to as the "All Writs" statute. It provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."
 
 
 11
 The following principles have become well established with respect to the construction and application of that statute. Since the jurisdiction of the Court of Appeals is appellate, its authority to issue writs of mandamus is restricted to those cases in which the writ is in aid of that jurisdiction. The power to issue them is discretionary and is sparingly exercised. The traditional use of the writ in aid of appellate jurisdiction has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Where the District Court has jurisdiction in the case before it and there has been no refusal on its part to adjudicate the issues properly presented to it, ordinarily mandamus may not be resorted to to review a ruling of the court where a statutory method of appeal has been prescribed. Federal appellate procedure is based upon the finality of the judgment or order being reviewed, which means that appellate review of most interlocutory rulings must await final determination of the case in the court below. Sections 1291, 1292, Title 28 U.S.Code; Cobbledick v. United States, 309 U.S. 323, 324-325, 60 S.Ct. 540, 84 L.Ed. 783. Except in extreme cases, mandamus will not be used to review an interlocutory order, the effect of which would be to circumvent the well-settled rule against piecemeal appeals. The fact that this procedure may require the aggrieved party to undergo a lengthy, costly and inconvenient trial, which might be avoided by a review of the interlocutory order complained of, is not sufficient to overcome the Congressional policy expressed by statute that only final judgments should be reviewable and in the way prescribed by the statute. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Parr v. United States, 351 U.S. 513, 520, 76 S.Ct. 912, 100 L.Ed. 1377; Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800.
 
 
 12
 However, it is also well settled that although sparingly used, the power to issue a writ of mandamus exists and will be exercised by the court when in its discretion the exceptional circumstances of the case require its use. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; United States Alkali Export Ass'n v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554; Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283. Its use in such exceptional cases, however, does not mean that the All Writs statute grants to the appellate court a general roving commission to supervise the administration of justice in the federal district courts and to review by writ of mandamus any unappealable order which the court might believe should be immediately reviewable in the interest of justice. La Buy v. Howes Leather Co., supra, 352 U.S. 240, 255, 77 S.Ct. 309, 1 L.Ed.2d 290; In re Josephson, 1 Cir., 218 F.2d 174, 177, 183. We have just recently expressed this view in our denial of a petition for Writ of Mandamus to a District Judge in which it is shown how exceptional and extreme the situation must be in order to set aside by a mandamus proceeding an alleged erroneous ruling of the trial court. Massey-Harris-Ferguson, Ltd. v. Boyd, supra, 6 Cir., 242 F.2d 800. We adhere to that view.
 
 
 13
 The question presented in the present case is, accordingly, whether the order of the District Judge denying the petitioners the right of trial by jury presents such an exceptional situation as to call for the issuance of a mandamus to review the ruling. We think this question has been decided by the Supreme Court in favor of the use of the writ. In Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094, the District Court ordered a cause of action set out in the first of two counts in an action transferred to the equity side of the court and docketed as an equity cause. The Supreme Court in considering a petition for a writ of mandamus filed in that court asking that the District Court be required to give the plaintiff a trial by jury held that the ruling was incorrect and then stated, "If we are right, the order was wrong and deprived the plaintiff of her right to a trial by jury. It is an order that should be dealt with now, before the plaintiff is put to the difficulties and the courts to the inconvenience that would be raised by a severance that ultimately must be held to have been required under a mistake. It does not matter very much in what form an extraordinary remedy is afforded in this case. But as the order may be regarded as having repudiated jurisdiction of the first count, mandamus may be adopted to require the District Court to produce (sic)* and to give the plaintiff her right to a trial at common law." This ruling appears to have been approved by the Supreme Court in later cases. Ex parte Peterson, 253 U.S. 300, 305, 40 S.Ct. 543, 64 L.Ed. 919; Ex parte State of New York No. 1, 256 U.S. 490, 503, 41 S.Ct. 588, 65 L.Ed. 1057; Ex parte Skinner & Eddy Corp., 265 U.S. 86, 96, 45 S.Ct. 446, 68 L.Ed. 912; Roche v. Evaporated Milk Ass'n, supra, 319 U.S. 21, 32, 63 S.Ct. 938, 87 L.Ed. 1185; United States Alkali Export Ass'n v. United States, supra, 325 U.S. 196, 204, 65 S.Ct. 1120, 89 L.Ed. 1554.
 
 
 14
 We recognize that Ex parte Simons, supra, and the other cases referred to as having approved the ruling, were decided prior to the 1948 revision of Title 28, U.S.Code. As is pointed out in the excellent discussion of the question in In re Josephson, supra, 1 Cir., 218 F.2d 174, 177-180, there is support for the view that the Supreme Court might have been exercising a different sort of power under Section 342 of the earlier editions of Title 28 U.S.Code, from the strictly auxillary power given to the Court of Appeals under Section 377 of the same editions. Section 342 was repealed in the 1948 recodification which consolidated it with Section 377, with somewhat different wording, into Section 1651(a), Title 28 U.S.Code, 1948 Edition, under which the present action arises. The opinion cautions that because of this difference in statutory power decisions of the Supreme Court prior to 1948 supporting the issuance, by that Court, of a writ of mandamus directed to a lower federal court, may not be safely relied upon by an intermediate court of appeals as authority for the issuance by the latter court of a writ of mandamus directed to a district court within the circuit.
 
 
 15
 But the Supreme Court apparently has not taken that view. In Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. 379, 383-384, 74 S.Ct. 145, 148, 98 L.Ed. 106, which was decided in 1953 under the present all writs section, the Court, in holding that mandamus was not an appropriate remedy under the particular facts of that case, did not distinguish Ex parte Simons on that ground, but stated: "Petitioner has alleged no special circumstances such as were present in the cases which it cites." One of the cases cited was Ex parte Simons, supra. In La Buy v. Howes Leather Co., supra, 352 U.S. 249, 255, 77 S.Ct. 309, 313, 1 L.Ed.2d 290, which was decided in 1957 some two years after In re Josephson, supra, the Court did not refer to any difference in power conferred by the code prior to 1948 and that conferred by the all writs section in the 1948 codification of the Code. In affirming the ruling of the Court of Appeals in issuing the writ, it relied on two earlier cases decided under the code authority existing prior to 1948, State of Maryland v. Soper, 1926, 270 U.S. 9, 30, 46 S.Ct. 185, 70 L.Ed. 449; Los Angeles Brush Mfg. Corp. v. James, 1927, 272 U.S. 701, 706, 47 S.Ct. 286, 71 L.Ed. 481. Referring to the 1948 Code the opinion stated: "The recodification of the All Writs Act in 1948, which consolidated old §§ 342 and 377 into the present § 1651(a), did not affect the power of the Courts of Appeals to issue writs of mandamus in aid of jurisdiction. * * Since the Court of Appeals could at some stage of the anti-trust proceedings entertain appeals in these cases it has the power in proper circumstances as here to issue writs of mandamus reaching them." The statement appears to be particularly pertinent in view of the fact that the dissenting opinion refers with approval to the distinction made in In re Josephson, supra, between the power conferred by the earlier and present day code provisions.
 
 
 16
 This review indicates to us that it was the exceptional circumstances involved in Ex parte Simons, supra, namely the deprivation of the constitutional right of trial by jury, that accounted for the issuance of the writ, rather than the existence of a broader power under the former code than now exists under the present all writs section. In any event we have previously ruled on the question in Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393, in which we issued the writ in order to protect the right of trial by jury. Other Courts of Appeals have ruled likewise. Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, 501, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; Canister Co. v. Leahy, 3 Cir., 191 F.2d 255, certiorari denied 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. Compare: In re Previn, 1 Cir., 204 F.2d 417, where the right to a jury trial was a matter within the discretion of the Court. Our previous ruling is controlling.
 
 
 17
 Our conclusion to entertain the Applications for the writ brings us to a consideration of whether the action against the Trustee and the Bank is a suit at common law in which the right of trial by jury is guaranteed by the Seventh Amendment, or is an equitable action in which trial by jury is not a matter of right. Rule 38(a), Rules of Civil Procedure, 28 U.S.C.; Parsons v. Bedford Breedlove & Robeson, 3 Pet. 433, 446, 447, 7 L.Ed. 732; Grant v. Pilgrim, 9 Cir., 95 F.2d 562, 564, 572-573. There is no difference between the parties about the settled rule that although Rule 2 of the Rules of Civil Procedure provides that there shall be only one form of civil action, it did not abolish the historic distinction between legal and equitable actions. If prior to the adoption of the Rules, an action was legal it remained so under the Rules and is triable by jury as of right; if equitable by nature, it remained so and is not triable by jury as of right. Bereslavsky v. Kloeb, supra, 6 Cir., 162 F.2d 862, certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393; Bradley v. United States, 214 F.2d 5, 7.
 
 
 18
 It seems clear that Continental's action against the Trustee is an equitable one. The complaint does not ask for a money judgment, which is the usual common law remedy for establishing the validity and amount of the obligation sought to be enforced. Obviously, this common law remedy against a bankrupt would not be an adequate remedy. Instead, the complaint asks for a rescission of the contract and the imposition of a constructive trust upon the funds paid by it to the bankrupt. Rescission is a proceeding in equity. Union Pac. R. Co. v. Syas, 8 Cir., 246 F. 561, 566; Sylvania Industrial Corp. v. Lilienfeld's Estate, 4 Cir., 132 F.2d 887, 890, 904. See, Great Northern Life Ins. Co. v. Vince, 6 Cir., 118 F.2d 232, 234. The creation of a constructive trust and the enforcement of the rights of those for whom it is created lies exclusively in the field of equity. Alexander v. Hillman, 296 U.S. 222, 239, 56 S.Ct. 204, 80 L.Ed. 192; Reed v. Kellerman, D.C.E.D. Pa., 40 F.Supp. 46, 50-51; Burgess v. Jackson Circuit Judge, 249 Mich. 558, 564, 229 N.W. 481.
 
 
 19
 We are of the opinion that Continental's action against the Bank is also an equitable one. It is true, as petitioners point out, that it seeks recovery from a solvent defendant of a sum certain, in which no discovery is sought and no accounting required. But it does not follow that these facts make it an action at law based upon the theory of quasi-contract arising out of unjust enrichment, as contended by them.
 
 
 20
 Continental has no quasi-contractual cause of action against the Bank based on unjust enrichment at its expense. The transaction complained of was not between Continental and the Bank. The payment of the money which Continental seeks to recover was not made by Continental to the Bank, but was made to the Milling Company. The Bank has not been unjustly enriched by reason of any transaction between it and Continental. Nor did its transaction with the Milling Company result in any unjust enrichment at the expense of that company, which received credit on its undisputed obligation, dollar for dollar. If the transaction stands, the Bank has merely been repaid money which it previously loaned to the Milling Company, which is not the "unjust enrichment" required as the basis of a quasi-contractual obligation. Continental's cause of action against the Bank is actually based upon its claim against the Milling Company to whom it paid the money, and its equitable right to have the funds so paid impressed with a trust and to follow the trust res into the hands of a third party. United States v. Dunn, 268 U.S. 121, 132-133, 45 S.Ct. 451, 69 L.Ed. 876; Ormsby v. Finney, 6 Cir., 281 F. 840, 845; In re Stanley B. Young & Co., D.C. W.D.Ky., 33 F.Supp. 444, 446. Except for the exercise of these equitable rights it has no cause of action against the bank.
 
 
 21
 It follows that the petitioners are not entitled as a matter of right to a jury trial of the issues raised by Continental's complaint and the answer and counterclaim of the Trustee and the answer of the Bank thereto.
 
 
 22
 The issue involved in the cross-claim of the Trustee against the Bank involves a different question. An action by a Trustee in bankruptcy to recover as a voidable preference a sum of money paid by the bankrupt to a creditor before bankruptcy, in which no injunction or equitable relief is sought, is an action at law. Schoenthal v. Irving Trust Co., 287 U.S. 92, 95, 53 S.Ct. 50, 77 L.Ed. 185; Warmath v. O'Daniel, 6 Cir., 159 F. 87. The Trustee was entitled to a jury trial on this issue unless it was waived.
 
 
 23
 Respondent contends it was waived by the Trustee by filing in an equitable action his cross-claim claiming affirmative relief. American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306; Smith Engineering Co. v. Pray, 9 Cir., 61 F.2d 687, 692. This was the rule prior to the adoption of the Rules of Civil Procedure.
 
 
 24
 We think the Rules of Civil Procedure changed that result. Rule 13 (g) permits a defendant to file a cross-claim against a co-party arising out of the same transaction. Rule 18(a) permits a plaintiff in his complaint or the defendant in a counterclaim or a cross-claim to join either as independent or alternate claims as many claims "either legal or equitable or both" as he may have against an opposing party. Rule 1 provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Rule 2 provides that there shall be but one form of action. Rule 38(a) provides that the right of trial by jury "shall be preserved to the parties inviolate" and provides the time for making the demand after the filing of a pleading. Under these rules it would appear that a party is encouraged to join in one action both legal and equitable claims, counterclaims or cross-claims without waiving any right to trial by jury of any claim, which if prosecuted independently, would entitle him to a jury trial. Bruckman v. Hollzer, 9 Cir., 152 F.2d 730, 732-733; Leimer v. Woods, 8 Cir., 196 F.2d 828, 833-834; Ring v. Spina, 2 Cir., 166 F.2d 546, 550, certiorari denied 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368; Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563, 565-566, Note 5; Reliance Life Ins. Co. v. Everglades Discount Co., 5 Cir., 204 F.2d 937, 942; Morrison-Knudson Co. v. Wiggins, D.C. Alaska, 13 F.R.D. 304. The Trustee is entitled to a trial by jury of his cross-claim against the Bank.
 
 
 25
 The rulings of the District Judge on the motions for separate trials of Continental's claims against the Bank and the Trustee and that the trial of the Trustee's action against the Bank be held in abeyance until Continental's action has been tried will not be reviewed in these applications for Mandamus. Massey-Harris-Ferguson, Ltd. v. Boyd, supra, 6 Cir., 242 F.2d 800.
 
 
 26
 The Writ will issue directing the District Judge to set aside and vacate so much of the order of October 22, 1956, as strikes the Trustee's demand for a jury trial of the issues involved in his cross-claim against the Bank, without effect on the remainder of the order.
 
 
 
 Notes:
 
 
 *
 Proceed