**ALLSTATE INSURANCE COMPANY,**
an Illinois corporation, Petitioner,

v.

**UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION, and Honorable Thomas P. Thornton, United States District Judge, Respondents.**

No. 13809.

United States Court of Appeals
Sixth Circuit.

March 4, 1959.

Garan, Lucow & Miller, Detroit, Mich., for petitioner.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The petitioner, Allstate Insurance Company, filed a declaratory judgment suit in the United States District Court for the Eastern District of Michigan against Clevy Buster Smith, Harvey Davenport and Elvin Rhoden, seeking to have a policy of automobile liability insurance, issued by it on May 24, 1957, to the defendant Smith, declared void *ab initio* by virtue of certain false statements made by Smith in his application for insurance. Subsequent to the issuance of the policy, the insured's automo-

bile was involved in an accident on November 24, 1957, in which Davenport and Rhoden suffered injuries. Davenport and Rhoden had filed separate state court actions against Smith to recover damages so incurred. For this reason petitioner made Davenport and Rhoden codefendants with Smith in the declaratory judgment action.

Davenport and Rhoden filed in the declaratory·judgment action a joint answer which also included a so-called "cross-complaint" against their codefendant Smith and the petitioner, Allstate Insurance Company, in which they asserted their respective claims for damages against Smith and asserted a right against the insurer, Allstate Insurance Company, by virtue of the policy issued by it to Smith.

Petitioner then moved to dismiss the cross-complaint on the ground that it did not arise out of the transaction or occurrence that was the subject matter of the declaratory judgment action filed by it, nor did it relate to any property that was the subject matter of the original action, as required by the provisions of Rule 13(g), Federal Rules of Civil Procedure, 28 U.S.C. District Judge Thomas P. Thornton overruled the motion to dismiss.

Allstate Insurance Company has now filed in this Court its petition for writ of mandamus against the respondent Judge Thornton, alleging that the District Court is without jurisdiction to hear the issues contained in the cross-complaint filed by Davenport and Rhoden, that the order overruling the motion to dismiss the cross-complaint is a nonappealable interlocutory order and that postponement of its review until the stage of final judgment will be prejudicial to the petitioner and an undue impairment of its legal rights. It asks that a writ of mandamus be issued directing Judge Thornton to vacate the order denying petitioner's motion to dismiss the cross-complaint filed by Davenport and Rhoden in the declaratory judgment action.

Petitioner relies upon the All Writs Statute, Sec. 1651, Title 28 U.S.Code, as the authority for this Court to issue the mandamus herein applied for. It relies upon Hoosier Casualty Company of Indianapolis, Indiana v. Fox, D.C.Iowa, 102 F.Supp. 214, in support of its contention that the District Court does not have jurisdiction of the cross-complaint under Rule 13(g), Federal Rules of Civil Procedure. But, as pointed out by the District Judge, there is authority to the contrary and the question is not free from doubt. See: United States Fidelity & Guaranty Co. v. Janich, D.C.S.D.Cal., 3 F.R.D. 16. However, the District Judge did not base his ruling upon the Janich case. He pointed out that the defendants Davenport and Rhoden in seeking relief in the declaratory judgment suit against the plaintiff had filed a permissive counterclaim permitted by Rule 13(b), Rules of Civil Procedure, rather than a cross-complaint against the plaintiff, and that only so much of the pleading as made claim against the codefendant Smith was a cross-complaint. Since this cross-complaint arose out of the transaction or occurrence that was the subject matter of the *counter-claim,* he was of the opinion that the District Court had jurisdiction to consider it under Rule 13(g).

■■ We find it unnecessary to consider at this time the correctness of the ruling of the District Court. "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. * * *. We are unwilling to utilize them as substitutes for appeals. As extraordinary remedies, they are reserved for really extraordinary causes." Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041. The fact that the question involved is one of jurisdiction is not enough by itself to require the issuance of the writ. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185; Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50.

■ Petitioner makes no showing of having sought relief under the Act of September 2, 1958, 72 Stat. 1770, Sec.

1292(b), Title 28 U.S.Code. We find no such extraordinary circumstances here existing which would justify the issuance of the writ of mandamus sought by petitioner. Massey-Harris-Ferguson, Ltd. v. Boyd, supra.

The application for writ of mandamus is denied.