**PANHANDLE EASTERN PIPE LINE COMPANY, Petitioner,**

v.

**Honorable Thomas P. THORNTON, Judge of the United States District Court for the Eastern District of Michigan, Southern Division, Respondent.**

No. 13870.

United States Court of Appeals
Sixth Circuit.

May 25, 1959.

Carson C. Grunewald, of Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., William E. Miller, of Steptoe & Johnson, Washington, D. C., Joseph J. Daniels, of Baker & Daniels, Indianapolis, Ind., for petitioner.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Michigan Consolidated Gas Company (hereinafter referred to as Consolidat-

ed), a Michigan corporation, with its principal place of business in Detroit, Michigan, filed a complaint in the United States District Court for the Eastern District of Michigan, Southern Division, against Panhandle Eastern Pipe Line Company (hereinafter referred to as Panhandle), a Delaware corporation, with its principal operating offices and place of business in Kansas City, Missouri. Consolidated's complaint alleged that by reason of Panhandle's refusal over a period of more than six years to sell gas to Consolidated, which it allegedly had a right to purchase under certain orders of the Federal Power Commission, Consolidated had sustained damages amounting to $17,000,000.

Panhandle filed a motion for change of venue pursuant to Sec. 1404(a), Title 28, U.S.Code, alleging that for the convenience of parties and witnesses and in the interest of justice the case should be transferred to the United States District Court for the Western District of Missouri, Western Division. Panhandle also filed a request for a jury trial. After oral argument and the consideration of briefs filed by the respective parties, the District Judge, by order of April 14, 1959, denied the motion for change of venue. He also handed down a Memorandum Opinion which discussed the question and stated the reasons for the ruling.

On April 28, 1959, Panhandle filed in this Court its petition that a writ of mandamus be issued by this Court (1) directing the District Judge to vacate the order of April 14, 1959, and (2) directing the District Judge to enter an order transferring said case from the United States District Court for the Eastern District of Michigan, Southern Division, to the United States District Court for the Western District of Missouri, Western Division. It states that during the past twenty years it has been involved in numerous controversies with Consolidated which have been contested bitterly before the state and federal courts of Michigan, the Federal Power Commission, the Michigan Public Service Commission, the Common Council of the City of Detroit, and other comparable governing bodies of nearby communities, that in nearly all of these disputes Consolidated has sought and obtained from time to time the active and partisan support of its more than 800,000 customers, as well as the support of various public officials of the state, cities, counties, and other surrounding communities, that the three principal newspapers of the City of Detroit, as well as newspapers of other smaller nearby communities, have consistently opposed Panhandle and supported Consolidated in its efforts to vilify and discredit Panhandle in the public mind and to defeat it in the legitimate conduct of its business, and that by reason of the resulting bias, prejudice and general hostility toward Panhandle in the minds of a vast majority of the population of the Eastern District of Michigan, it cannot obtain a fair trial before an impartial and unbiased jury of that district. Numerous exhibits were filed in support of this contention. Panhandle also contends that the convenience of parties and witnesses will be better served by a trial of this case in the Western District of Missouri, where most of the voluminous records which will be used in the trial of this case are located, than in the Eastern District of Michigan. These contentions had the consideration of the District Judge and were discussed in his Memorandum Opinion in connection with the order herein complained of.

On the general question of the use of the writ of mandamus to review interlocutory orders of the District Court, without regard to Sec. 1404(a), Title 28, U.S.Code, the United States Supreme Court stated in Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041, "Mandamus, prohibition, and injunction against judges are drastic and extraordinary remedies. * * * We are unwilling to utilize them as substitutes for appeals. As extraordinary remedies, they are reserved for really extraordinary causes." See also: Roche v. Evaporated Milk Ass'n, 319 U.S. 21,

26, 63 S.Ct. 938, 87 L.Ed. 1185. This Court has recently followed these rulings and denied mandamus in cases in which the petitioner sought to review the District Court's ruling on a question of jurisdiction. Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50; Allstate Insurance Co. v. United States District Court, etc., 6 Cir., 264 F.2d 38. Although the question of venue is different from the question of jurisdiction, the issues involved in the two types of cases are similar when a review of the District Court's ruling is sought through a writ of mandamus. In the Allstate Insurance Company case we also pointed out that the petitioner had made no showing of having sought relief under the Act of September 2, 1958, 72 Stat. 1770, Sec. 1292(b), Title 28, U.S.Code. Those rulings are applicable to the present case.

█ This Court has also recently considered the use of a writ of mandamus to review a ruling of the District Court on a motion for change of venue under Sec. 1404(a), Title 28, U.S.Code. Lemon v. Druffel, 6 Cir., 253 F.2d 680, certiorari denied 358 U.S. 821, 79 S.Ct. 34, 3 L.Ed.2d 62. In that case we discussed the question at some length and pointed out that although the Court has the power to review by mandamus proceedings a ruling under Sec. 1404(a), Congress intended that such power be used only in the exceptional case where there was a clear abuse of discretion or usurpation of judicial power. See also: In re Josephson, 1 Cir., 218 F.2d 174, wherein after thoroughly discussing the question, the Court said (at page 183), "Accordingly, we serve notice that in the future, except in really extraordinary situations the nature of which we shall not undertake to formulate in advance, we shall stop such mandamus proceedings at the very threshold, by denying leave to file the petition for a writ of mandamus."

█ In the present case we are of the opinion that there is no such clear abuse of discretion or usurpation of judicial power in the order of the District Judge as to present the really extraordinary cause in which a writ of mandamus should be used for the purpose of reviewing at the present time the correctness of the interlocutory ruling. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106; Ex parte Fahey, supra, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041.

The application for writ of mandamus is denied.