CROSS COMPANY, a Michigan corporation, Petitioner,

v.

Boyd LEEDOM, Philip Ray Rodgers, Joseph Alton Jenkins, Stephen S. Bean and John H. Fanning, as members of the National Labor Relations Board, and the National Labor Relations Board, Respondents.

No. 13934.

United States Court of Appeals Sixth Circuit.

Oct. 9, 1959.

248

Clark, Klein, Brucker & Waples, Detroit, Mich., argued by Robert C. Winter, Detroit, Mich., for petitioner.

Thomas J. McDermott, Marcel Mallet-Prevost, Washington, D. C., argued by Duane B. Beeson, Washington, D. C., for respondents.

Before MARTIN, MILLER and CECIL, Circuit Judges.

PER CURIAM.

In a representative election held under the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., Local 155, International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, UAW-AFL-CIO was certified by the National Labor Relations Board as the bargaining representative of the employees of The Cross Company, petitioner herein. Subsequently, upon the application of some 30% of the employees of petitioner, a decertification election was held on November 12, 1958.

On the morning of the election, Local 155 distributed to employees of petitioner certain campaign literature and propaganda which contained false statements about the layoff and recall of petitioner's employees during 1949, and other related matters. The Board announced the result of the election as 150 votes for the Union to 134 votes against the Union. On June 4, 1959, the Board entered an order which found that the campaign literature of the Union contained the false statements above referred to, but approved the recommendation of the Regional Director, who had conducted an investigation of the election, and declared the election valid and certified Local 155 as the bargaining representative of petitioner's employees.

On the basis of affidavits filed by 29 of its employees, petitioner contends that said 29 employees were caused to vote for the Union instead of against the Union by reason of the false campaign literature, and that it is the duty of the Board to set aside the election. The Board has refused to do so, taking the position that in its judgment, under all the circumstances of the case, the false statements were not such as to require the election results to be invalidated.

Alleging that it has no other adequate remedy, petitioner has filed the present application for a mandamus against the Board setting out the foregoing facts and asking that the Board be directed to set aside the election of November 12, 1958, and to order a new election. The question has been argued orally by counsel for the respective parties, who have also filed briefs.

The Court is of the opinion that the application for a mandamus be denied and that the restraining order heretofore issued against the Board on August 17, 1959, effective during the pendency of these proceedings, be dissolved. Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800, 803, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed. 50; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; American

Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; N. L. R. B. v. A. J. Tower Co., 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322.