275 F.2d 38
 Elmer H. BENEKE and Mildred Beneke, Louis M. Hansen and Marie Hansen, Marian C. Weber, Marian C. Weber, Executrix of the Estate of Carl D. Weber, deceased, Henry DiFiore, and Gertrude DiFiore, Petitioners,
v.
Honorable Paul C. WEICK, United States Circuit Judge, sitting by assignment in Cause No. 32609 as District Judge of Northern District of Ohio, Eastern Division, in U. S. A. v. Certain Interests in Land aggregating 44.314 acres, Respondent.
 No. 14101.
 United States Court of Appeals Sixth Circuit.
 March 2, 1960.
 
 Lockwood Thompson, Cleveland, Ohio, for petitioners.
 Paul C. Weick, U. S. Circuit Judge, Cleveland, Ohio, respondent, pro se.
 Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On March 9, 1956, the United States filed a condemnation suit in the District Court for the Northern District of Ohio against forty-six defendants owning twenty-three separate parcels of land aggregating 44.314 acres. On October 1, 1959, the District Judge entered an order appointing Commissioners to determine the issue of just compensation as to all defendants, overruling objections on the part of persons having an interest in twelve parcels, who had requested a jury trial of said issue.
 
 
 2
 This order was in accordance with the views expressed by him in a written Memorandum filed a short time prior thereto. In this Memorandum it was pointed out that the tracts of land owned by those opposing the appointment of the Commission varied in size from .057 to 4.530 acres, and totaled approximately 45% of the land taken, that eight separate jury trials would be required, in which trials essentially the same expert evidence would be adduced, as the tracts were for the most part adjacent to each other and would be affected by the same considerations in determining their valuation, that such procedure would be repetitious, wasteful of time and money and inimical to the best interests of justice, that the docket in his Court was a congested one, and that it was in the interest of justice that the entire case be referred to a three man commission and not determined piecemeal in repetitious individual jury trials.
 
 
 3
 On October 10, 1959, the eight petitioners herein, who had previously requested jury trials, moved for a reconsideration of the order of October 1, 1959, which motion was overruled on November 18, 1959. In overruling the motion, the District Judge referred to the location of the land outside the city of Cleveland, where the trial would be held; to the fact that the tracts owned by the petitioners were contiguous to other tracts of more than eighty times in area which were involved in the same action and to which basically the same considerations would apply, which tracts were being evaluated by the Commissioners without objection from the owners thereof; and to the fact that the use of Commissioners for evaluating all of the property involved would tend to produce uniformity in valuation throughout the entire area involved.
 
 
 4
 The petitioners thereupon filed their present action in this Court under the provisions of the all-writs statute, Section 1651(a), Title 28 U.S.Code, praying that an order be issued staying proceedings in the District Court and to strike from the order of October 1, 1959, such part thereof as would deny a jury trial to these petitioners.
 
 
 5
 We have heretofore on several occasions pointed out that under Supreme Court rulings mandamus against a judge under the all-writs statute is an extraordinary remedy and is reserved for really extraordinary causes. It cannot be used as a substitute for an appeal. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Massey-Harris-Ferguson v. Boyd, 6 Cir., 242 F.2d 800, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50; Walker v. Brooks, 6 Cir., 251 F.2d 555; Allstate Insurance Co. v. United States District Court, 6 Cir., 264 F.2d 38; Lemon v. Druffel, 6 Cir., 253 F.2d 680, certiorari denied, 358 U.S. 821, 79 S.Ct. 34, 3 L. Ed.2d 62; Panhandle Eastern Pipe Line Co. v. Thornton, 6 Cir., 267 F.2d 459, certiorari denied 361 U.S. 820, 80 S.Ct. 65, 4 L.Ed.2d 66. In the case last cited we quoted with approval the following statement from In re Josephson, 1 Cir., 218 F.2d 174, 183, "Accordingly, we serve notice that in the future, except in really extraordinary situations the nature of which we shall not undertake to formulate in advance, we shall stop such mandamus proceedings at the very threshold, by denying leave to file the petition for a writ of mandamus."
 
 
 6
 In the case under consideration the petitioners were not entitled to jury trial as a matter of right. Bauman v. Ross, 167 U.S. 548, 593, 17 S.Ct. 966, 42 L.Ed. 270. Under Rule 71A (h), Rules of Civil Procedure, 28 U.S.C. the trial judge has the right in his discretion to enter an order that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a Commission of three persons appointed by the Court. In the present case, the trial judge exercised the discretion vested in him, expressing the opinion that it was in the interest of justice that the entire case be referred to a Commission. The order is subject to review for alleged abuse of discretion on his part when a final judgment is entered. United States v. Theimer, 10 Cir., 199 F.2d 501; United States v. Buhler, 5 Cir., 254 F.2d 876. In the Theimer case it was held on final review that there was an abuse of discretion. But, it was not a mandamus case. In the Buhler case the Court of Appeals held on review of the final judgment that there was no abuse of discretion in denying the demand for a jury trial.
 
 
 7
 In Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094, and Black v. Boyd, 6 Cir., 248 F.2d 156, relied upon by the petitioners, the applicants were entitled to a jury trial as a matter of right. There was no discretion vested in the District Judge to deprive them of that right.
 
 
 8
 The fact that the ruling is an important one in the conduct of the trial and that, being an interlocutory order, a review of it on appeal must be postponed until after the case has been disposed of in the District Court, does not entitle the petitioners to an immediate review of the ruling. City of Morgantown, W. Va. v. Royal Insurance Co., Ltd., 337 U.S. 254, 258-259, 69 S.Ct. 1067, 93 L.Ed. 1347; Massey-Harris-Ferguson v. Boyd, supra, 6 Cir., 242 F.2d 800, 802, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50.
 
 
 9
 Without expressing at this time any opinion on the correctness of the ruling, we are of the view that the case presented is not of such an extraordinary nature as to justify the issuance of the writ applied for. The application for the writ is denied.