Stephen P. REGEC, Petitioner,

v.

Honorable Thomas P. THORNTON,
United States District Judge,
Respondent.

No. 14155.

United States Court of Appeals
Sixth Circuit.

March 16, 1960.

Wilber M. Brucker, Jr., Detroit, Mich.,
for petitioner.

No appearance for respondent.

Before MILLER, CECIL and WEICK,
Circuit Judges.

PER CURIAM.

Stephen P. Regec has filed a petition in this court, under the provisions of the all-writs statute, Section 1651(a), Title 28 U.S.C., for a writ of mandamus against the Respondent.

On July 24, 1959, Miller Manufacturing Company commenced an action against the Travelers Indemnity Company, in the United States District Court for the Eastern District of Michigan, upon an insurance contract insuring the plaintiff as an employer from all loss resulting from any fraudulent or dishonest act or acts of any of plaintiff's employees.

The defendant Travelers Indemnity Company obtained leave from the Respondent to make Stephen P. Regec, the petitioner herein, a third-party defendant and to serve a third-party complaint upon him. The Petitioner, as third-party defendant, filed answers to the third-party complaint and to the plaintiff's complaint, in which he denied any fraudulent or dishonest acts.

Miller Manufacturing Company then filed motions to dismiss the third-party complaint and to strike the third-party defendant's answer to the plaintiff's complaint.

Upon consideration of these motions, the Respondent ruled that the issues between the plaintiff and the defendant and between the defendant and the third-party defendant should be tried separately. He further ruled that the answer of the third-party defendant to the plaintiff's complaint be stricken.

These rulings were embraced in an order dated December 18, 1959, and it is this order that the Petitioner seeks to vacate by a writ of mandamus from this court. It is claimed that the order is in violation of Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.

■ The petition before us presents a question as to the correctness of the Respondent's decision. We will not determine in a mandamus action whether an interlocutory order made by a District Judge is right or wrong. Such an order is subject to review for any alleged error committed by the trial judge, after a final judgment is entered. Black v. Boyd, 6 Cir., 248 F.2d 156 and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, involve the denial of the constitutional right of jury trial. They are not applicable here.

■■ Mandamus is an extraordinary remedy and cannot be used as a substitute for appeal. The Supreme Court has held that mandamus against a judge under the all-writs statute is reserved for really extraordinary causes. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106.

The question has been before this court in the following cases: Massey-Harris-Ferguson v. Boyd, 6 Cir., 242 F.2d 800, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50; Walker v. Brooks, 6 Cir., 251 F.2d 555; Allstate Ins. Co. v. United States District Court, 6 Cir., 264 F.2d 38; Lemon v. Druffel, 6 Cir., 253 F.2d 680, certiorari denied 358 U.S. 821, 79 S.Ct. 34, 3 L.Ed.2d 62; Panhandle Eastern Pipe Line Co. v. Thornton, 6 Cir., 267 F.2d 459, certiorari denied 361 U.S. 820, 80 S.Ct. 65, 4 L.Ed. 2d 66.

The most recent case in this court is Beneke v. Weick, 275 F.2d 38.

It seems appropriate to again quote, as we did in the two cases last cited, from In re Josephson, 1 Cir., 218 F.2d 174, 183, "Accordingly, we serve notice that in the future, except in really extraordinary situations the nature of which we shall not undertake to formulate in advance, we shall stop such mandamus proceedings at the very threshold, by denying leave to file the petition for a writ of mandamus."

The application for the writ is denied for the reason that the case is not of such nature as to justify this extraordinary remedy.