See also D.C., 30 F.R.D. 13; 216 F. Supp. 911.

---

**Sanford E. ADAY, Wallace De Ortega Maxey, and West Coast News Company, Inc., a California corporation, Petitioners,**

v.

**UNITED STATES DISTRICT COURT FOR the WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION, and Noel P. Fox, Judge of the United State District Court for the Western District of Michigan, Southern Division, Respondents.**

No. 15381.

United States Court of Appeals
Sixth Circuit.

June 12, 1963.

Stanley Fleishman, Hollywood, Cal., for petitioners.

Herbert J. Miller, Jr., Asst. Atty. Gen., Criminal Div., Dept. of Justice, Washington, D. C., George E. Hill, U. S. Atty., Grand Rapids, Mich., for respondents.

Before CECIL, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

### ORDER.

This cause is before the Court on a petition by Sanford E. Aday, Wallace De Ortega Maxey, and the West Coast News Company, Inc., for a writ of mandamus against the United States District Court for the Western District of Michigan, Southern Division, and Noel P. Fox, District Judge. Petitioners have also submitted an application for a stay of fur-

ther proceedings in the District Court for the Western District of Michigan pending determination of the petition for writ of mandamus.

The record discloses the following proceedings in the District Court: The petitioners were indicted on May 24, 1960, by a federal grand jury in the Western District of Michigan, for use of the mails for the delivery of obscene materials. Counts 1 through 6 of the indictment charged that the mails were used to deliver certain obscene, lewd and indecent books into the district, in violation of Sec. 1461, Title 18 U.S.C. Counts 7 through 19 charged that the defendants used a common carrier in interstate transportation to deliver certain obscene, lewd and indecent books into the district, in violation of Sec. 1462, Title 18 U.S.C.

On August 15, 1960, the defendants filed a motion pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, seeking to transfer this criminal proceeding from the Western District of Michigan to the Southern District of California. A hearing was held on the motion and arguments were presented by counsel. At the hearing Judge Starr ordered that any further motions were to be filed before September 30th. The defendants' motion to transfer the action to the Southern District of California was denied on February 13, 1962, by Judge Starr. (The opinion is reported at D.C., 30 F.R.D. 13.)

On March 2, 1962, the defendants were arraigned before Judge Starr. At that time Judge Starr granted thirty days in which to file any and all motions. On March 30, 1962, the defendants filed a motion to dismiss the indictment alleging that the grand jury was not legally constituted. A motion was also filed to dismiss the indictment because of an alleged unconstitutional application of the statutory law controlling the use of the mails. A motion for a bill of particulars was also filed at that time.

The United States filed on March 12, 1963, a motion to strike the motion to dismiss the indictment filed by the defendants which challenged the array of the grand jury. The government's motion asserted that the challenges to the array and the indictment were not *timely* made and, therefore, the defendants had waived their right to challenge the array of the grand jury.

On March 13, 14 and 15, 1963, a hearing was held before Judge Fox on the motion challenging the array of the grand jury. The District Court took testimony, oral and documentary, in support of the claim that the grand jury which returned the indictment was illegally constituted. This testimony was taken subject to the court's reservation of the *waiver* issue. At the conclusion of the hearing, the District Court allowed 45 days to file briefs on all issues involved in the different motions before the court.

On March 22, 1963, one week after the conclusion of the hearing on the motion challenging the array of the grand jury, Judge Fox called a pre-trial conference. He advised counsel that he was prepared to rule on all pending motions before the court. Accordingly, the 45-day period for filing briefs was rescinded. The court had, at that date, determined that the defendants had waived a challenge to the array of the grand jury. An order denying all motions was entered March 29, 1963.

Judge Fox's formal opinion denying all the defendants' motions was filed on April 18, 1963. The ruling that the defendants had waived their rights to challenge the array of the grand jury is the crux of this mandamus proceeding.

Judge Fox ruled that Judge Starr's announcement at the arraignment, granting 30 days in which to file all motions, was directed to all pre-trial motions and not to all pre-arraignment motions. "Motions to the competency of the Grand Jury or to the sufficiency of the indictment or information, are prearraignment motions. Federal Rules of Criminal Procedure, Rule 12(b) (3)." Opinion reported at 216 F.Supp. 911.

"Defendants delayed filing the motion to dismiss the indictment on their challenge to the array until March 27, 1962,

one year, ten months and three days after the return of the indictment against them * * *," id, 216 F.Supp. at 915. Relying on Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624, Judge Fox determined that in the present case the defendants had "abundant opportunity to object to the competency of the Grand Jury before the indictment was found, and certainly much sooner than [they] did after indictment was returned," id., 216 F.Supp. at 916–917. "Neither Rule 6 nor Rule 12 of the Federal Rules of Criminal Procedure changes the intent and purpose of the rule of the Agnew case, excepting, however, the rules do give the court the power for *good cause shown*, to grant relief from a waiver," id., 216 F.Supp. at 917.

"Also, defendants' motion to transfer the case to the Southern District of California constitutes an implied waiver to any challenge to the array or the indictment," id., 216 F.Supp. at 918. "The whole thrust of the motion to transfer is that the indictment is good and defendants are ready to proceed to trial," id., 216 F.Supp. at 918.

"Thus, by every conceivable norm of judgment, both motions challenging the grand jury's competency and the indictment are untimely. An examination of the proceedings as a whole, to this point, clearly impresses these motions with a badge of studied dilatory tactics," id., 216 F.Supp. at 920.

"For purposes of thoroughness, the court feels it proper to here state in its opinion that the attack on the array, on its merits, is not well taken. * * * and I find as a matter of fact that the defendants have failed to meet their burden of proof," id., 216 F.Supp. at 921.

The defendants had filed on December 3, 1962, a motion for renewal and reargument of the motion to transfer pursuant to Rule 21(b). On April 18, 1963, Judge Fox denied this motion in his "omnibus" opinion. Then on April 26, 1963, the petitioners filed in the United States Supreme Court, Miscellaneous Docket, No. 1426, a motion for leave to file a petition for writ of mandamus, and a petition for writ of mandamus, seeking to vacate the order of the District Court below which denied the transfer of proceedings to California. This mandamus proceeding is still pending in the Supreme Court. (This petition was denied June 17, 1963. See 373 U.S. ——, 83 S.Ct. 1921.)

On April 29, 1963, the petitioners filed a petition seeking a writ of mandamus in the Court of Appeals for the Sixth Circuit. This writ of mandamus is sought under the All Writs Statute, Sec. 1651 (a), Title 28 U.S.C., and Rule 29 of this Court. An accompanying brief in support of the petition for writ of mandamus was filed. The petition seeks to vacate the order of the District Court which struck the motion to dismiss the indictment, challenging the array of the grand jury. The petitioners also seek to have the order vacated which set the action for trial on June 17, 1963.

The petitioners claim that unless the trial is stayed they will be irreparably injured and deprived of their constitutional rights. Petitioners assert that the motions to dismiss the indictment were made diligently within the prescribed time limitations and in strict compliance with the Federal Rules of Criminal Procedure and by express leave of now Senior District Judge Starr. They claim that no challenge to the array before indictment is required under the present Rules of Criminal Procedure. They contend that the record shows that there was no express or implied waiver of the petitioners' objections to the indictment. Finally, they contend that the case on the merits of the grand jury array was not completed and, accordingly, the district judge was in error in ruling as he did.

On May 16, 1963, the petitioners moved in the District Court for an order staying the trial of the action. This motion was denied by Judge Fox on May 28, 1963. However, the trial was continued for one week, from June 17, 1963 to June 24, 1963.

On May 31, 1963, the defendants applied to this Court for a stay of the trial of this case scheduled to commence June

17, 1963, pending determination of the petition for writ of mandamus. (That date has been changed to June 24, 1963.) The grounds asserted in seeking the stay are: (1) the pending mandamus proceeding seeking transfer now pending before the United States Supreme Court; (2) the mandamus proceeding challenging array of the grand jury now before the Court of Appeals for the Sixth Circuit; (3) the petitioners will be irreparably injured and deprived of their constitutional rights unless the trial of the action is stayed; (4) the indictment does not inform the petitioners as to what is the relevant community in determining whether the books are obscene. On June 10, 1963, the United States answered these contentions in a memorandum in opposition to the application for a stay of trial.

Mandamus is an extraordinary remedy. The issuance of a writ of mandamus against a judge is reserved for really extraordinary causes. Mandamus cannot be used as a substitute for appeal. Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185; Parr v. United States, 351 U.S. 513, 520–521, 76 S.Ct. 912, 100 L.Ed. 1377; Ex parte Fahey, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382–385, 74 S.Ct. 145, 98 L.Ed. 106; Beneke v. Weick, 275 F.2d 38, 39–40, C.A.6; Regec v. Thornton, 275 F.2d 801, 802, C.A.6; Massey-Harris-Ferguson v. Boyd, 242 F.2d 800, 803, C.A.6, cert. denied, 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50.

This Court will not decide the questions involved at this juncture of the proceedings, nor grant an interlocutory appeal on the questions here presented in the petition for mandamus. There can be no appeal until there is a final adjudication of the case on its merits in the District Court. This case is not such as to require the use of the extraordinary writ of mandamus.

It is ordered that the petition for mandamus be and it is hereby dismissed and it is further ordered that the motion for stay of further proceedings be and it is hereby denied.