UNITED STATES of America, Plaintiff,

v.

ASHLAND OIL, INC., et al., Defendants.

No. Cr 77–00142 L.

United States District Court,
W. D. Kentucky,
Louisville Division.

Aug. 11, 1978.

Erwin Heininger, Mayer, Brown & Platt, Chicago, Ill., James D. Moe, Minneapolis, Minn., for Cargill, Inc.

Bruce T. Thompson and Patrick J. McLaughlin, Johnson & Thompson, Minneapolis, Minn., for Arthur H. Klobe.

Wesley P. Adams, Jr., Louisville, Ky., for Cargill, Inc., Arthur H. Klobe, Lyle Rockenbach, Reliance Universal and Reichhold.

Peter Fleming, Jr., Curtis, Mallet-Prevost, Colt & Mosle, New York City, for Lyle Rockenbach.

Ray S. Bolze, Roger C. Simmons, William J. Hunter, Jr., Howrey & Simon, Washington, D. C., K. Gregory Haynes, Wyatt, Grafton & Sloss, Louisville, Ky., for Ashland Oil, Inc.

Frank E. Haddad, Jr., Louisville, Ky., for Reliance Universal.

John F. Boyer, George D. Reycraft, J. David Officer, Cadwalader, Wickersham & Taft, New York City, for Reichhold.

Albert Jones, U. S. Atty., Louisville, Ky., William A. LeFaivor, Asst. U. S. Atty., Dept. of Justice., Antitrust Div., Cleveland, Ohio, for plaintiff, United States.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

On July 22, 1977 an indictment was returned against Ashland Oil, Inc., Cargill, Inc., Reichhold Chemicals, Inc., Reliance Universal, Inc., Arthur K. Klobe, and Lyle J. Rockenbach, charging them with conspiracy to violate Section 1 of the Sherman Act as amended. Defendant Klobe is Vice President and General Manager of the Chemical Products Division of Cargill and defendant Rockenbach is Vice President of Reichhold Chemicals, Inc.

Defendants, Ashland Oil, Inc., Reichhold Chemicals, Inc. and Reliance Universal, Inc., have entered pleas of nolo contendere to the indictment and sentences have been imposed upon them. Defendant Cargill is a Delaware corporation with its principal place of business in Minneapolis; defendant Klobe is a resident of Minnetonka, Minnesota; and defendant Rockenbach is a resident of White Plains, New York.

On June 23, 1978 defendant Klobe moved to transfer this action to the District of Minnesota and filed, in support thereof, an affidavit by a general physician, Dr. Nelson, which recited that Klobe was suffering from hypertension in December, 1976, and has been under treatment since that time with anti-hypertensive drugs. Dr. Nelson alleges that, in his opinion, a lengthy trial in Louisville with the added stress of travel

and absence from the Klobe home and community would be more detrimental to his health than would a trial in Minnesota.

Rule 21(b), Federal Rules of Criminal Procedure, provides:

"Transfer In Other Cases. For the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district."

This rule has been construed as being, in essence, the same as former Rule 21(b) which was interpreted in *Platt v. Minnesota Mining Company,* 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964). See *Jones v. Gasch,* 131 U.S.App.D.C. 254, 404 F.2d 1231 (1967).

■ In *Platt, supra,* the court noted that the parties and the Court of Appeals both agreed that the following factors should be considered:

1. Location of corporation defendants.
2. Location of possible witnesses.
3. Location of events likely to be an issue.
4. Location of documents and records likely to be involved.
5. Disruption of defendant's business unless case is transferred.
6. Expense to the parties.
7. Location of counsel.
8. Relative accessibility of place of trial.
9. Docket condition of each district or division involved.

These nine factors are pertinent to our decision. In addition, we will comment on the question of the health of defendant Klobe, and the fact that this Court has had this action pending before it for a year, and also has pending before it two potential civil class actions which name the four corporate defendants in the criminal action as defendants, as well as many other corporations.

■ First, we will dispose of the United States' contention that the motion to transfer under these rules may be made only on or before arraignment or at such other time as the Court or these rules may prescribe. While technically, the time for the defendants to move for transfer has long gone by,

the reason for the delay is obvious and justifiable. When the indictment was returned and the pleas of not guilty were entered by all defendants, two of the corporate defendants were Kentucky corporations, although one of them, Ashland Oil, Inc., conducted its chemical business through a corporation located in Ohio. When these two Kentucky corporations and the New York corporation, Reichhold, changed their pleas to nolo contendere, there were left in the case a Minnesota defendant, Klobe; a corporation with its principal place of business in Minnesota, Cargill, Inc.; and a defendant living in White Plains, New York, Rockenbach. We believe that the motion under these circumstances is timely made.

■ The second factor which requires discussion is the condition of defendant Klobe's health. From an examination of the cases, it seems that federal courts have not been liberal in granting a change in venue or continuances to defendants who allegedly are suffering from ill health. See *United States v. West Coast News Company,* 216 F.Supp. 911 (W.D.Mich.1963); petition for mandamus dismissed and stay denied *sub nom. Aday v. United States District Court for Western District of Michigan,* 318 F.2d 588 (6th Cir. 1963). See, also, *United States v. Knohl,* 379 F.2d 427 (2nd Cir. 1967), and *Wellman v. United States,* 227 F.2d 757 (6th Cir. 1955), vacated on other grounds, 354 U.S. 931, 77 S.Ct. 1403, 1 L.Ed.2d 1535, on remand, 253 F.2d 601 (6th Cir. 1958), and *United States v. Sweig,* 316 F.Supp. 1148 (S.D.N.Y.1970).

In the instant case, it does not appear to this Court that defendant Klobe's health is so severely impaired that he cannot stand trial in Louisville. He apparently is not incapacitated from carrying on his duties on behalf of Cargill in Minnesota, duties which involve heavy responsibilities. He is not bedridden nor has he been hospitalized. He would be standing trial in a city which is well known for having the oldest medical school West of the Alleghenies and for its many excellent practitioners of medicine.

The Court always has in mind the physical well-being of litigants who are attending trial and has not hesitated to continue actions which have already started where there is a bona fide showing of any illness which would prevent a defendant from attending the trial. See *United States v. Kaye, et al.,* CR 77–00087 (W.D.Ky.1978).

Coming now to the criteria set out in *Platt, supra,* we have already discussed the location of the parties and in that connection note that Minnesota is some 700 rail miles from Louisville and approximately some 1,350 rail miles from New York, whereas, Louisville is approximately 860 rail miles from New York. In a similar vein, the Court notes that Cleveland, where the Antitrust Division of the United States, which is prosecuting this case, is located is some 725 rail miles from Minnesota and 375 rail miles from Louisville. The Court realizes that in each instance cited the distance by airplane would be somewhat smaller.

With regard to the location of possible witnesses, no definitive witness lists have been agreed upon by the parties. The United States represents that it will call approximately thirty-five persons residing in ten states, including California, Georgia, Illinois, Kentucky, Maryland, Minnesota, New Jersey, New York, Ohio and Pennsylvania. Of these thirty-five, the Government represents it expects to call about eight from Kentucky, four from Ohio and three from Minnesota. The Court takes notice of the fact that all of the witnesses expected to be called by the United States, with the exception of those in California, Minnesota and possibly Illinois, would be located closer to Louisville than to Minnesota.

■ With reference to the witnesses of Mr. Klobe, of course, it is to be expected that his witnesses, including character witnesses, would come from Minnesota. Generally, the Court limits the number of character witnesses to five or seven, depending on the exigencies of the case.

■ Defendant Cargill, Inc., in the case of *Impervious Paint Industries, Ltd. v. Ashland Oil, Inc. et al.,* 444 F.Supp. 465 (E.D. Pa.) now transferred to the Western District of Kentucky, filed a memorandum in support of the motion of Reliance Universal, Inc., to transfer that action from the Eastern District of Pennsylvania to the Western District of Kentucky. James D. Moyer, one of the counsel for Cargill, filed an affidavit with the memorandum in which he stated that of the seven witnesses who testified before the Grand Jury at Louisville in the case at bar, two resided in or around the Eastern District of Pennsylvania, three resided in or around Minnesota, one resided in or around Los Angeles and one resided in or around Atlanta. All are current or former employees of Cargill. This would indicate to the Court that four of these seven witnesses would find Minnesota more convenient and three would not. Of course, this does not take into consideration the very important possibility that defendant Klobe may choose to testify and this is an element to be considered.

The next factor to be considered is the question of the location of events likely to be an issue. The United States admits that the events in which Klobe was allegedly involved occurred principally in Minnesota. However, the offense charged is a nationwide conspiracy and involved four large corporations whose activities in this case were apparently conducted in many locations, including Louisville and Minneapolis. The impact of the alleged conspiratorial activities affected customers located throughout the United States and, therefore, it cannot be said that the center of gravity of the events lies in Minnesota.

The next element to be considered is that of the location of documents and records. A great many of these records and documents were submitted by the United States and are in Cleveland. A great many of them, hopefully, will be stipulated so that the question of their location will become much less important. Whatever documents defendant Rockenbach would wish to introduce in addition to those stipulated will, of course, have to be transported a greater distance if the trial was held in Minnesota rather than in Louisville. There appears to be a stand off in the matter of the location

of events, location of documents and the location of witnesses.

As to disruption of business, it appears that a corporation such as Cargill with over $3 Billion in sales annually can continue to function despite the disruption of a trial in Louisville. The trial will be somewhat disruptive whether it be in Louisville or Minnesota, and it is obvious that defendant Klobe will not be able to attend to business in either Minnesota or Louisville while he is present at the trial, although he would be able, presumably, to keep more in touch with the every day affairs of Cargill while he is in Minnesota at the time of trial rather than Louisville. We perceive no serious disruption which would warrant transfer of this case. See *United States v. United States Steel Corporation*, 233 F.Supp. 154 (S.D.N.Y.1964).

With regard to the expense of the parties and location of counsel, there is no doubt but what the case will be more expensive for Cargill and Klobe to try in Louisville. On the other hand, it would be more expensive for the United States and for defendant Rockenbach to proceed in Minnesota as opposed to Louisville.

Counsel for defendant Klobe and one of the two firms representing Cargill are located in Minneapolis, whereas the second firm which represents Cargill is located in Chicago. The Government's attorneys are located in Cleveland and Mr. Rockenbach's counsel is in New York City. Therefore, as to this criteria, it would appear that the defendants have a slight edge because of the fact that some of their counsel do live in Minnesota, whereas, no counsel who will be involved in the trial live in Louisville.

Defendants contend that Minnesota is more accessible than Louisville, since there are more direct airline flights to Minnesota than there are to Louisville. This is true, but the difference in time involved is not of great importance inasmuch as Louisville may be reached by connecting flights where direct flights are not available, and probably the time concerned overall would not greatly exceed the time required to fly directly to Minnesota from places which are more distant from that city than they are from Louisville.

With regard to docket congestion, because the Court was ready to try the case on September 25, 1978, prior to its continuance to February 20, 1979, and since the United States has not made any showing that the District Court of Minnesota is not in a position to set the case for such a date, we believe that there is no decisive balance struck either in keeping the case in Louisville or transferring it to Minnesota.

We then come to the final point which is that this Court has spent considerable time in familiarizing itself with many of the facets of this case. A transfer to Minnesota would require a district judge new to the case to go over the three volumes of papers which have accumulated since its inception. This is not judicial economy. Also, it should be noted that civil cases involving Cargill and Reichhold are pending in this Court, and apparently will be here for a long period of time.

Finally, taking into consideration all of the criteria, and the fact that the equities are rather evenly balanced, the Court believes that the defendants have not carried the burden of showing that a motion to transfer should be granted under Rule 21(b), and, therefore, the motion is denied.